**STATE of Missouri, Respondent,**

v.

**Dale PATTERSON, Appellant.**

**No. 62089.**

Supreme  Court  of  Missouri,
En  Banc.

July  14,  1981.

James  W.  Fletcher,  Public  Defender, Gary  L.  Gardner,  Asst.  Public  Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Nancy Applequist, Asst. Attys. Gen., Jefferson City, for respondent.

SEILER, Judge.

Defendant was convicted of capital murder, § 565.001, RSMo 1978. The state waived the death penalty and defendant was therefore sentenced to life without probation or parole for fifty years. We have jurisdiction pursuant to Mo.Const. Art. V, § 3.

We reverse and remand. Because of the disposition made, a lengthy recitation of the facts is unnecessary. Defendant was charged with murdering a woman he allegedly raped to prevent her from testifying against him on the rape charge. It is uncontroverted that the state failed to disclose material information to defendant in violation of former Rule 25.32(A)(9) (now Rule 25.03(A)(9)), to wit: That the state agreed to dismiss charges of burglary second degree and stealing over $150 against a state's witness, Timothy Woodcox, in exchange for his testimony against defendant.[1]

Woodcox's testimony was prejudicial to defendant. According to Woodcox, defendant stated that he was going to kill the victim and, at a later date, that he did not do it, that Wink (Preston Stayton) did. This information was given to the police and was before the jury. It was followed by the testimony of the police officer who questioned defendant and testified that defendant made an oral confession. Defendant testified in his own defense that he did not kill the victim, Addie Wheeler, because he had been advised by counsel that he had an excellent chance of acquittal on the rape charge.[2] Woodcox's testimony, if believed, was a strong preface to the officer's testimony. It supported and reinforced the idea that defendant had something to confess, which is what he did, according to the officer. It all fits together. Woodcox's credibility as a witness was therefore a significant issue in the case. That Woodcox made

a deal with the prosecutor is clearly important in judging his credibility and the jury was entitled to know about it. *State v. McClain*, 498 S.W.2d 798, 800 (Mo. banc 1973). Defendant was prejudiced by not having this information. In making this observation we are not questioning the sufficiency of the confession to support the verdict once the jury believes the testimony as to the confession. We are, rather, looking at what may have influenced the jury to accept the testimony as to the confession in the first place.

Reversed and remanded.

All concur.

---

1. The assistant prosecuting attorney wrote on the dismissal form filed with the trial court, "In exchange for defendants [sic] [Woodcox's] cooperation and testimony in the Dale Patterson, capital murder case, state agreed not to prosecute this case."

2. The lawyer testified that such was his advice and explained why.