STATE of Missouri,
Plaintiff-Respondent,

v.

**Betty Ann STARK, Defendant-Appellant.**

No. 45301.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 8, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Charles F. James, Wentzville, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was convicted by a jury of receiving stolen property, a violation of § 570.080 RSMo 1978, and was sentenced in accord with the jury verdict of four months in the Warren County jail.

The state's opening statement serves to describe the factual setting necessary to determine defendant's contention that the court erred in failing to grant a motion for directed verdict at the close of the state's case. Defendant offered no evidence.

In its opening statement, the state offered to prove that on July 18, 1980, James Stark, defendant's husband, bought a 1968 Mustang automobile and received an "open title." That car was later salvaged. On July 31, 1980, a 1968 Mustang was stolen from the Snyders in Illinois. On August 13, 1980, defendant approached Reinhardt, a used car dealer, at his lot and offered to sell a 1968 Mustang for $900. Defendant refused Reinhardt's offer of $450. The next day a male telephoned Reinhardt and they agreed on a price of $675 for the car. Later that day defendant brought Reinhardt the 1968 Mustang and an "open title." Reinhardt notarized the title because defendant told him the title owner, James Marquardt, was her brother.

The state further offered to prove that police officers examined the salvaged 1968

Mustang and found the public VIN number missing but the confidential number led the officers to the 1968 Mustang sold by defendant in Warren County to Reinhardt. That car was the Snyder's automobile tagged with the salvaged Mustang's VIN number. It is noteworthy that the state never offered to prove that defendant participated in or had any knowledge of the purchase of the salvaged Mustang, the subsequent theft of the Snyder's Mustang in Illinois, or the switching of the VIN numbers.

Defendant made. an opening statement which directly promised defendant's testimony ("She will tell you . . .") no less than seven times. The opening statement was a running narrative of only what defendant's testimony would be, and made no mention of any other witnesses or any other evidence. It foretold her sole defense, namely, that she was a housewife raising two infant children and was only doing a service for her husband who was in the used car business, that she had no knowledge or belief that the 1968 Mustang was stolen, and that there would be no evidence that she did.

Throughout the trial defendant argued that the trial was fundamentally unfair procedurally because of a ruling of the trial court that certain state's evidence would be allowed in rebuttal if defendant testified and denied knowledge or belief that the car she was selling was stolen. The evidence to be allowed was a police officer's testimony that after defendant was given the necessary *Miranda* warnings, she gave to him both written and oral statements that she was aware of the VIN numbers switch.

We first address the fair trial issue. In this case, defendant filed a motion for discovery under Rule 25.32 (now 25.03) and requested "Any written or recorded statements and the substance of any oral statements made by the defendant . . . ." The

original prosecutor answered that there were none. After opening statements and the testimony of the state's first witness, the replacement prosecutor revealed the existence of these written and oral statements and informed defendant that an endorsed witness, the police officer, was prepared to testify to their content. In answer to defendant's oral motion *in limine* the court ruled that the state could not use the evidence in its case but if the defendant testified it would be admitted in rebuttal.

■ An analysis of the trial judge's position leads directly to the conclusion that any ruling he may have made would be either erroneous or create an untenable result. The trial judge's options were: (a) he could sustain the motion and prohibit the evidence. This would permit the defendant to testify, as promised in her opening statement, but her positive assertions would go unchallenged and if she denied the statements justice would be perverted; or (b) he could overrule the motion, forgive the state's oversight, and thereby make Rule 25.32 (now 25.03) a nullity; or, (c) he could declare a mistrial, raising the spectre of a Double Jeopardy Clause defense at an attempted retrial; [1] or, (d) rule as he did and thereby make it unreasonable for the defendant to testify, as promised. It follows that the trial judge's ruling denied the state its vital and direct evidence that defendant dealt with the Snyder's automobile while knowing or believing it was stolen.[2]

We hold that the result was manifestly unjust and denied the defendant a fair trial. We recognize, however, that the trial judge was placed in an untenable position. There was simply no way the defendant could promise her testimony in the opening statement and then, because of the undisclosed and threatened rebuttal testimony, not testify and be held to have received a fair trial. Rule 25.03 should be carefully ad-

---

1. *See* dissenting opinion of Judge Donnelly in *State v. Smothers*, 605 S.W.2d 128, 138 (Mo. banc 1980), *cert. denied*, 450 U.S. 1000, 101 S.Ct. 1708, 68 L.Ed.2d 203 (1981).

2. *See* dissenting opinion of Judge Seiler in *Smothers*, 605 S.W.2d at 138–39, as to the

reason for Rule 25.32 (now 25.03); and collected cases and comments of Judge Donnelly, *Smothers*, at 137–38. In the *Smothers* case the majority held that defendant waived or abandoned his objection to the state's failure to disclose.

hered to by both sides through prompt and thorough response to the court and opposing counsel. Compliance requires a reference to all persons who may have information called for in the motion. If the rule is adhered to in spirit and in fact trial judges will not be so burdened, and the public, the victims, and the parties will equally be the beneficiaries of the rule, which was designed to insure due process.

Absent the excluded evidence we hold that the state failed to prove defendant had knowledge or belief that the Snyder's automobile was stolen, as required by § 570.080. The court erred in failing to sustain defendant's motion for judgment of acquittal at the close of the evidence. We reverse.

Our inquiry is limited as to whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict. *State v. Bolder,* 635 S.W.2d 673, 679 (Mo. banc 1982); *State v. Turner,* 623 S.W.2d 4, 6 (Mo. banc 1981); *State v. Strickland,* 609 S.W.2d 392, 395 (Mo. banc 1980).

The state proved that the Snyder's automobile was stolen and that the public VIN numbers of a salvaged automobile were substituted for the public VIN numbers belonging to the Snyder's automobile. The state showed that Reinhardt negotiated the sale price with a male and that defendant delivered the "open title" with the vehicle, representing that the name on the title, James Marquardt, was her brother's. Defendant lived in a house trailer parked among other occupied house trailers, all of which were located one-quarter mile from the location of the salvaged automobile and five other stolen vehicles.

There was no evidence as to who stole the Snyder's vehicle in Illinois or that defendant was with James Stark when he purchased the subsequently salvaged vehicle which was the source of the VIN numbers used on the stolen vehicles. There was no showing of who switched the numbers and where it was done. The state did not prove that James Marquardt was not the defendant's brother. No connection was shown between the defendant and any other vehicles mentioned in the state's evidence. Nor was there any evidence that the consideration of $675 was far below the reasonable value when and as sold. Reinhardt testified that the vehicle was worth $1,000 "If it was detailed and ready to go [but] the car was not ready to put on the lot." Accordingly, the state's evidence did not establish that the sale price of $675 was inappropriate to the value of the vehicle as sold.

On these facts the state's evidence reaches the level of mere suspicion and that is insufficient to sustain a conviction of a crime. *State v. Prier,* 634 S.W.2d 197, 199–200 (Mo. banc 1982). "Where two equally valid inferences can be drawn from the same evidence, the evidence does not establish guilt beyond a reasonable doubt." *Id.* at 200, *citing State v. Black,* 611 S.W.2d 236, 240 (Mo.App.1980).

Section 570.080.2 RSMo 1978 provides that requisite knowledge and belief may be proven by evidence: (a) that the defendant was in possession or control of other property stolen on separate occasions from two or more persons; or (b) that she received other stolen property in another transaction within one year preceding the transaction charged; or (c) that she acquired stolen property for a consideration which she knew was far below its reasonable value. No such evidence was offered to the jury. Knowledge or belief may, of course, also be shown by direct evidence or by defendant's statements but no such evidence was presented to the jury.

The judgment is reversed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.