Kenneth Leon HAYES, Appellant,

v.

STATE of Missouri, Respondent.

No. 67793.

Supreme Court of Missouri,
En Banc.

June 17, 1986.

As Modified on Denial of Rehearing
July 15, 1986.

Lyle L. Odo, North Kansas City, Andrew C. Webb, Sedalia, for appellant.

William L. Webster, Atty. Gen., Michael R. Whitworth, Jennifer H. Fisher, Asst. Attys. Gen., Jefferson City, for respondent.

BLACKMAR, Judge.

The appellant was charged with second degree murder and convicted of manslaughter, receiving a sentence of nine years. The conviction was affirmed on direct appeal, *State v. Hayes*, 668 S.W.2d 118 (Mo.App.1984), without a published opinion. He then filed a motion under Rule 27.26. The trial court denied relief but the Court of Appeals, Western District, reversed and ordered a new trial. We granted transfer to consider the important procedural questions involved, and likewise reverse.

The appellant shot and killed Cecil Gilley on October 27, 1982 following an argument in the appellant's house. The only eyewitness who testified for the prosecution was Larry Arnold, Gilley's companion. Assault charges arising out of the incident were pending against Arnold at the time of the trial but were later dismissed. The appellant, together with his son and brother-in-law, testified in support of a claim of self-defense. Credibility, then, was of predominant importance.

The point which we find decisive is that the prosecutor had entered into an undertaking with Arnold, by reason of which the charges against him would be dismissed in exchange for his testimony against the appellant. The appellant's trial counsel was not advised of this agreement, and no memorandum was entered in the prosecutor's file. Appellant argues that the failure of the prosecutor to disclose the bargain violates due process standards, citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and other authorities.[1]

The trial court found that counsel had not been advised of the agreement but went on to find that no such advice was required, adopting the state's requested findings and conclusions on the issue as follows:

> Defendant failed to make proper and timely discovery about whether or not a plea bargain with Arnold existed or not.

> Plea bargains with State witnesses are discoverable if the Defendant's request is timely, Mo Sup Ct. Rule 25.03, RSMo, however, in the subject case the request was not timely, and the State has no obligation to volunteer such information.

The court entered additional findings and conclusions disposing of other issues raised by the motion, and overruled the 27.26 motion. This appeal followed. To prevail the appellant must establish: (1) That his right to discovery of the agreement was not barred by failure to file a timely application; and (2) that, because of the state's failure to disclose the bargain, he is entitled to the relief sought.

### 1. *Was proper application made?*

Rule 25.03, governing "disclosure by state to defendant without court order" reads in pertinent part as follows:

> (A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:

> \*    \*    \*    \*    \*    \*

> (9) Any material or information, within the possession or control of the state, which tends to negate the guilt of the defendant as to the offense charged, mitigate the degree of the offense charged, or reduce the punishment.

> \*    \*    \*    \*    \*    \*

The appellant's trial counsel, William K. Brown, testified at the 27.26 hearing about his transactions with the prosecutor. The same prosecutor who tried the case repre-

1. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

sented the state at the 27.26 hearing. There is no indication that he disagreed with any portion of Brown's testimony about their face-to-face dealings.[2] There is, in addition, a rather unsatisfactory situation shown by this record. Appellant's counsel took the prosecutor's deposition before the 27.26 hearing. When cross-examining appellant at the hearing, the prosecutor referred to his own deposition testimony in framing some of his questions. The prosecutor should have obtained other counsel to conduct the hearing, because he was a witness to some of the transactions drawn into question. Under the circumstances we are justified in accepting Brown's uncontradicted testimony as to his conversations with the prosecutor. The state cannot prevail simply by suggesting that the trial judge rejected Brown's testimony.

Brown testified that a request for disclosure pursuant to Rule 25.03 was filed by his office on February 25, 1983. This filing was 22 days late under Rule 25.02, inasmuch as the arraignment had been held on January 13, 1983, but the prosecutor filed no motion to strike it. Brown testified, rather, that he had advised the prosecutor that he intended to file a request, receiving the reply that it would make no difference when it was filed and that he would make the requested disclosures. The prosecutor made his office files available and Brown inspected them on at least four occasions. The permitted examinations were tendered and received as compliance with the discovery request.

Brown did not ask for any information about a bargain with Arnold in return for his testimony, and the prosecutor did not provide any such information. Brown testified, rather, that the prosecutor:

> ... made it plain to me that we were going to find (sic) Mr. Hayes case and then he was going to see about what he was going to do about Mr. Arnold

and, at a later point,

> He said we were going to try Hayes first and he would see what about Arnold after that.

The record does not show when these conversations took place. Nor is the date of the bargain with Arnold established. If the bargain had already been made there would have been a serious misrepresentation, cf. State v. Brooks, 513 S.W.2d 168, 173 (Mo.App.1973), but we consider more probable the state's suggestion that the conversation necessarily came before the bargain. In either event, the only discussion of the matter gave clear indication to the defendant's counsel that there had been no bargain.

Having so represented, the prosecutor, under Rule 25.08, had a positive duty to advise the defendant's counsel of the bargain after it was made. The rule reads as follows:

> If subsequent to complying with a request for disclosure or order of court, a party discovers information which he would have been required to disclose under the request or order, he shall furnish such additional information to opposing counsel, and if the additions are discovered during trial, the court also shall be notified.

The trial court was apparently of the opinion that the defendant had forfeited all rights to discovery under Rule 25.03 because his initial request came late. This holding is clearly erroneous. The prosecutor cured any problem of lateness by his acquiescence. Had he objected to the late request, defense counsel could have obtained leave of court to file it under the express authority of Rule 25.02. It is the sense of Rule 25.03 that the attorneys handle discovery matters among themselves whenever possible, without recourse to the court. There is no reason why the time limits cannot be extended by agreement among counsel. The trial was in late April of 1983, nearly two months after the request for discovery under Rule 25.03 was served. There is no relation between the 22-day delay in filing the request and the time for making disclosure of the plea bargain, and no showing of any possible preju-

---

2. The prosecutor's deposition testimony, indeed, is quite consistent with Brown's testimony.

dice to the state on account of the late filing.

Because the prosecutor had an affirmative duty to update his discovery we are spared discussion of the difficult problem about when a prosecutor must disclose material information even though there had been no request.[3] Here the prosecutor had made affirmative statements to defense counsel the clear purport of which was that there had been no bargain. There was no point at which an inspection of the file would have disclosed the bargain, because no memorandum was included in the file. It would certainly be the course of wisdom for him to correct any possible misimpressions. But in any event his duty under Rule 25.08 was clear.

Because of the express violation of the rule, it does not help the state to suggest that defense counsel could easily have learned of the bargain by making inquiry of the prosecutor or by cross-examination of Arnold at trial. The prosecutor's duty was apparent, and he did not comply with his obligation. The defense had the right to the information without having to fish.

### 2. *What is the remedy?*

■ The appellant is not automatically entitled to a new trial under prevailing constitutional standards simply because the prosecutor failed to make discovery as required. A new trial is constitutionally required only if the undisclosed evidence is "material." The most recent holding of the Supreme Court of the United States says that evidence is material:

> only if there is a *reasonable probability* that, had the evidence been disclosed to the defense, the result of the proceeding *might* have been different. (Emphasis supplied).

*United States v. Bagley,* —— U.S. ——, 105 S.Ct. 3375, 3385, 87 L.Ed.2d 481 (1985).[4]

The hearing judge made no finding at all on the issue of materiality. *Bagley,* of course, had not been decided when he ruled. He based his conclusion solely on the ground that discovery had been waived because the Rule 25.03 motion was untimely.

Findings of fact and conclusions of law on all issues presented are expressly required by Rule 27.26(i). This requirement stands out in contrast to the requirement in other civil actions.[5] We may not, in 27.26 cases, indulge in the normal assumption that the trial judge considered an issue on which he made no findings and found facts sufficient to support the judgment. This is especially so when other findings were made which, in the trial judge's opinion, were sufficient to support his ruling. The trial judge saw no need for a ruling on materiality.

The withheld information is certainly of a kind which could have affected the result of the trial. No certain prediction is possible about the result of a trial, but the *Bagley* rule uses two qualifying terms— "reasonable," and "might." Witness Arnold had the strongest possible motive to give testimony pleasing to the prosecutor. *Cf. State v. Patterson,* 618 S.W.2d 664 (Mo. banc 1981). Not only was he under charges for the incident; his probation was in jeopardy. The state argues that Arnold was subject to impeachment on his prior convictions and on the fact that he too was being charged, suggesting that additional impeachment would have made little difference. The bargain, however, related directly to the quality and substance of his trial testimony. The prosecutor was watching Arnold as he testified to determine whether the pending charges against him should be dismissed. We certainly cannot say on the record before us that the undisclosed information was not material in the *Bagley* sense.

■ One possibility would be to remand this case to the trial court for further find-

---

**3.** *See United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *State v. Brooks,* 513 S.W.2d 168 (Mo.App.1973).

**4.** This statement has the concurrence of a majority of the Court.

**5.** Rule 73.01(a)(2). *Cf.* Rule 27.01(b), governing trial of criminal charges by the court.

ings under the *Bagley* rule. We normally defer to trial judges in cases of this kind when they have made the appropriate findings, not only because of the advantageous position of the judge who hears the witnesses but also as a matter of judicial efficiency in scrutinizing a lengthy record which includes the proceedings of an antecedent trial. In this case we elect to rule the matter here, for several reasons. The prosecutor's omission was a serious matter. The information is of a kind which any capable trial lawyer would like to have. The judge who conducted the 27.26 proceeding was not the same judge who presided at the criminal trial, and so could form no better judgment than we can as to what the outcome of the trial might have been. He did hear the appellant as a witness but had no basis for forming an opinion about Arnold's credibility because Arnold "took the Fifth" on all questions asked at the 27.26 hearing. That hearing was flawed by the prosecutor's dual position as advocate and witness.[6] The case has been long delayed in the appellate process.

We therefore exercise our discretion to decide the case on the record before us. We conclude that the prosecutor withheld material evidence, in violation of Rule 25.08, within the holding of *Bagley.* We leave for another day a determination as to whether any stricter standard should be applied under our law for patent violations of Rule 25.08. We hope that, in the future, prosecutors will comply with the letter and spirit of the rule, so that cases of this kind will not arise. When there is a failure to make discovery, the trial judges must make findings on materiality under the *Bagley* rule.

Our holding is consistent with *State v. Patterson, supra,* in which a promise of dismissal in return for testimony was discovered after trial but while the case was on direct appeal, when the promise was entered on the dismissal form. We ordered a new trial even though the defendant had given a confession. The state seeks to distinguish the case only on the ground that the 25.03 request in that case was timely. As Part I of this opinion shows, timeliness is no bar on the facts of this case.

The judgment is reversed and the case is remanded with directions to vacate the judgment and sentence and to afford appellant a new trial.

HIGGINS, C.J., WELLIVER and RENDLEN, JJ., concur.

BILLINGS, J., dissents in separate opinion filed.

ROBERTSON, J., dissents in separate opinion filed.

DONNELLY, J., dissents and concurs in separate dissenting opinion of ROBERTSON, J.

BILLINGS, Judge, dissenting.

Because I would defer to the findings and conclusions of the trial court, I would affirm the judgment denying post-conviction relief under Rule 27.26.

I suggest that the principal opinion applies a de novo standard of review to the evidentiary hearing, rather than limiting our review to a "determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j).

The defendant was fully aware of the pending charges against Arnold and elected to forego cross-examination of him as to whether he had struck a deal with the State in return for his testimony. By this strategy, defendant is now awarded a new trial.

I dissent.

ROBERTSON, Judge, dissenting.

I respectfully dissent.

As the majority opinion correctly notes, a new trial is constitutionally mandated *only* if the evidence undisclosed to appellant is material. The materiality of the undis-

---

**6.** The dual role is unsatisfactory even though opposing counsel waived objection to the prosecutor's representing the state at the hearing, and the trial judge acquiesced.

closed evidence is determined by the reasonable probability that had the evidence been disclosed a different result might have been reached. *United States v. Bagley,* —— U.S. ——, 105 S.Ct. 3375, 3385, 87 L.Ed.2d 481 (1985). I further agree that the trial court made no finding on the materiality issue; *Bagley* had not been decided at the time the trial court issued its ruling.

I part company with the majority opinion, however, when it assumes the role of trial court and, without more, determines that the withheld evidence was, in fact, material. While the *Bagley* decision seems to invite appellate court speculation, I believe that we would be better served if the case were remanded to the trial court for a finding on the materiality of the withheld evidence under *Bagley*.

I dissent.