STATE of Missouri, Respondent,

v.

George P. WILLIAMS, Appellant.

No. 50155.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1986.

Mary E. Dockery, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant appeals from his conviction on one count of sodomy, § 566.060 RSMo Cum.Supp.1984, and one count of first degree sexual abuse, § 566.100 RSMo 1978. Defendant was sentenced to five years imprisonment on the sodomy count and thirty days imprisonment on the sexual abuse count, the sentences to run concurrently.

On appeal, defendant argues that the trial court erred in: (1) denying defendant's request for a continuance; (2) allowing the state to use evidence contained in a police report that was not timely disclosed to defendant; and (3) failing to declare a mistrial on the ground of the prosecutor's improper closing argument. We affirm.

A brief outline of the underlying facts will suffice. The state's evidence showed that on the evening of October 10, 1984, defendant sodomized and sexually abused a seven-year old girl who was at that time living as a foster child in his home. De-

fendant was arrested immediately thereafter at his home. He initially refused to speak to the police, but a few hours later he confessed that he had committed the crimes. At trial, however, defendant testified that he had not engaged in any illegal activity, and that he had only confessed because he was tired, upset, confused and afraid the police would hurt him.

In his first point on appeal, defendant argues that the trial court erred in denying his request for a continuance because: (A) defendant's attorney did not receive a police report from the state until five minutes before the trial was scheduled to begin, and the report contained statements by two prosecution witnesses referring to potentially exculpatory medical evidence; (B) defendant's attorney had prepared his case without knowing about this police report; and (C) defendant had conferred with his attorney for the first time only two days before trial.

■ The granting of continuances is within the sound discretion of the trial court, and its ruling will be reversed only if there has been a clear and certain abuse of discretion. *State v. Merrick,* 677 S.W.2d 339, 342 (Mo.App.1984). We find no abuse of discretion in the instant case. With regard to the police report, the trial judge noted that the prosecutor had twice written letters to defense counsel—both several months before trial—requesting that defense counsel review the state's file. The untimely disclosure of this report was caused by defense counsel and the trial court properly denied a continuance on this basis.

■ With regard to defendant having conferred with his attorney for the first time only two days before trial, we note that during the pretrial proceedings the trial judge repeatedly asked defendant if there was anything that defendant had wanted his attorney to do but that the attorney, due to the shortage of time, had been unable to do. Defendant repeatedly answered in the negative. We note, moreover, that defendant's attorney had entered his appearance on behalf of defendant over three months before trial, and thus he had sufficient time to prepare his case. "The fact that defense counsel is not adequately prepared for trial is not ground for a continuance if counsel has had an adequate opportunity to prepare for trial." *State v. Wade,* 666 S.W.2d 869, 871 (Mo.App.1984). This point is denied.

In his second point on appeal, defendant argues that the trial court erred in denying defendant's motion to exclude evidence contained in the police report given to defense counsel only five minutes before trial. Defendant claims to have been prejudiced by this breach of the discovery rules because the report contained previously undisclosed statements made by two of the prosecution witnesses and because the report referred to potentially exculpatory medical evidence.

■ As noted in our discussion of defendant's first point, *supra,* defense counsel had an adequate opportunity to discover the police report and to conduct an appropriate investigation prior to trial. The two witnesses whose statements were contained in the reports had been named in the indictments and had been endorsed as witnesses by the state before trial. We are thus unable to discern any prejudice to defendant's rights. This point is denied.

In his final point on appeal, defendant argues that the trial court erred by failing to declare a mistrial *sua sponte* when the prosecutor, during closing argument, asked the jury to consider defendant's initial exercise of his right to remain silent as affirmative evidence of defendant's guilt.[1] De-

---

1. Defendant complains specifically about the following statements made by the prosecutor during her closing argument:

    The police come and the defendant [is] in his house—he says one of the cops, a friend of his whose name he cannot remember, says to him, "Hey, Barney," and tells him, you know,

"I hear you're playing around with Tasha." And then he says he's read his rights and he's arrested. But the defendant, according to his testimony, is an innocent man. He didn't do anything. That's his testimony. Wouldn't you object at that point? Would you sit still and be arrested and have a police officer read

fendant contends that such argument abridged defendant's constitutional right to remain silent and denied him a fair trial.

■ Initially, we note that defendant raised no objection nor did he request a mistrial during the prosecutor's closing argument. Defendant thus did not properly preserve this issue for appellate review. *State v. Jordan*, 699 S.W.2d 80, 82 (Mo. App.1985). Our review is thus governed by Rule 29.12(b), the "plain error" rule. The applicable principles governing such review were set forth in *State v. Newlon*, 627 S.W.2d 606 (Mo. banc 1982):

> Broad discretion rests with the trial court in the control of closing argument, with wide latitude accorded counsel in their summations.... A conviction will be reversed for improper argument only if it is established the complained of comments had a decisive effect on the jury's determination.... Indeed, relief should be rarely granted on assertions of *plain error* as to closing argument, for where no objection was lodged, trial strategy is an important consideration and such assertions are generally denied without explication.... This because the absence of objection, request for admonishment to disregard, or for other relief narrows the trial court's options, requiring uninvited interference with summation and a corresponding increase of the risk of error by such intervention.

*Id.* at 616 (emphasis in original).

■ In the instant case, then, defendant's second point can be denied without further explanation on our part. We note, however, that defendant could not have been substantially prejudiced by the prosecutor's remarks because he did in fact waive his right to remain silent and confess to the alleged crimes. It is thus apparent that the statements complained of did not have a decisive effect upon the jury's deter-

mination. We find no abuse of discretion by the trial court.

The judgment is affirmed.

SIMON, J., concurs.

KAROHL, P.J., concurs in separate opinion.

KAROHL, Judge, concurring.

I concur in the result but do not agree with the majority opinion that the failure of discovery problem was caused by the act of trial defense counsel. New appellant counsel for defendant has not furnished this court with a copy of defendant's motion for discovery under Rule 25.03. We cannot determine what information was requested of the State in the motion for discovery and for that reason cannot find trial court error in denying relief for failure of the State to produce under defendant's motion for discovery. Further, the two witnesses called by the State were endorsed on the Indictment. The existence of the witnesses was not a surprise.

Discovery problems in criminal cases could and should be easily avoided. The lesson of this case should be prevention of untimely disclosure or failure of discovery problems. See *State v. Stark*, 651 S.W.2d 503 (Mo.App.1983). The source of the problem in the present case was a mechanical mistake. Appellant filed a timely request for discovery under Rule 25.03. The State responded by a letter inviting defense counsel to appear at the office of the Prosecuting Attorney to obtain a packet envelope containing the requested information. The Assistant Prosecuting Attorney, "checked the police report (myself) prior to putting it into the discovery envelope and prior to leaving it at the front desk ... that's the complete entire report that the State has in connection with this case". Defense counsel told the trial court he received only a statement of the defendant in

you your rights, the Miranda rights: You have a right to remain silent. Anything you say can and will be used against you. You have a right to an attorney. If you cannot afford one, one will be appointed for you.

He's standing there very calmly. And did Mr. Williams tell you he tried to object and say, "Hold on a second, you've got the wrong person." No, he didn't say anything.

the nature of a confession but not the complete police report which contained the names of witnesses and their statements. There was no receipt which described the materials produced from which the trial court or this court could determine what was received by defense counsel. There is no reason not to presume good faith on the part of both the Assistant Prosecuting Attorney and defense counsel. As a result we conclude that the Assistant Prosecuting Attorney prepared to furnish and intended to furnish a complete file and full disclosure to defense counsel but defense counsel received only a part of the material. As a result of a casual procedure the trial court was faced with a problem at the time of trial which could have been avoided by the use of a receipt describing the contents of the discovery packet or by filing a copy of the materials or a description of the materials in the court file in the same manner as in a civil proceeding. Under those circumstances the trial court could consider the receipt or the court file to resolve any dispute of the sufficiency of the disclosure.

In the present case the trial court referred to the record and observed a copy of a letter from the Prosecuting Attorney's Office to defense counsel in response to defense motion for discovery. The letter invited counsel to appear and obtain the information. The letter did not describe the materials to be produced. Defense counsel did receive a copy of defendant's statement which indicates he did respond to the letter. The letter was dated December 28, 1984 and the trial began March 25, 1985. The trial court denied relief without explanation.

As a result of the breakdown in discovery defense counsel had not prepared to defend against the testimony of witnesses whose statements were contained in a police report which was not received by defense counsel. Under these circumstances no fault should be attached to defense counsel in failing to prepare to defend against evidence which was not received. If the evidence was requested and not received then the fault is in the procedure and the possibility of prejudice to the defendant was the result. The length of time between the breakdown in discovery and the date of trial is immaterial to considerations of fault and the possibility of prejudice. Moreover, fault is not the issue. The issue is prejudice to the defendant's right to a fair trial with the assistance of effective and prepared counsel. In the present case two critical witnesses were allowed to testify against defendant and the nature of their testimony was not received in response to defendant's motion for discovery until ten minutes before trial. We have no record on the claim of exculpatory medical evidence that may have been disclosed in the full police report. The trial court made no finding on the question of adequacy of discovery.

It is obvious that the procedure placed the trial court in an untenable position. On the one hand all arrangements had been made for trial and a continuance would have been an imposition on the parties, witnesses and the court. On the other hand defendant's right to a fair trial required a continuance if the court could determine there was untimely disclosure. In *State v. Stark*, 651 S.W.2d 503, (Mo. App.1983) we suggested that compliance with criminal discovery under Rule 25.03 should be "to the court and opposing counsel". If that procedure were adopted in criminal cases disputes on what was produced or received could be resolved by the record. In the alternative the materials to be received could be described in the letter sent to defense counsel with a copy in the court file or a receipt describing the materials produced could be obtained. The suggestion is that a written record would alert counsel for both parties and be available to the court if necessary.

I find no manifest injustice in this case. Defendant's confession was obtained under circumstances that indicate he was well treated and his legal rights fully respected in making the statement.