STATE of Missouri, Respondent,

v.

Johnny FRANKLIN, Appellant.

No. 53348.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Roger M. Hibbits, Florissant, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant, Johnny Franklin, appeals a jury conviction for second degree robbery, in violation of RSMo § 569.170 (1986), and felony stealing, in violation of RSMo § 570.030 (1986). Defendant was sentenced to two years imprisonment on each count with the sentences to run concurrently. Defendant raises two points on appeal. First, he alleges that the prosecutor suppressed evidence favorable to defendant, and that such evidence was material. Second, defendant argues that certain statements made by a witness should not have been admitted into evidence as they constituted impermissible hearsay. Finding defendant's contentions to be without merit, we affirm.

The State's evidence showed that defendant's wife, Keena Franklin, worked at a gas station located in the City of St. Louis. Keena Franklin's duties consisted of opening and closing the station and depositing money in the station's safe. She possessed keys to the station's doors as well as to the safe. Defendant had watched Keena Franklin unlock the doors to the station and put money into the safe prior to the incident in question.

On the evening of April 12, 1986, Keena Franklin closed the station; she placed the deposit into the safe and locked both the safe and the station's doors. Keena Franklin then went to the house where she and defendant lived. Defendant was at the couple's house when Keena Franklin went to sleep later that evening. At 2:00 a.m., April 13, 1986, Keena Franklin was awakened by her son and she discovered that the keys for the station, which she kept in the couple's bedroom, were missing. Keena Franklin also observed that defendant was not at the couple's house at this time; she then returned to sleep. When Keena Franklin awoke at approximately 7:30 a.m., she saw defendant standing over the side of the bed counting money.

Keena Franklin then went to the station; there she did not encounter any broken windows or doors. Upon opening the safe, she saw that all the paper currency, a total of $745.00, was missing. Keena Franklin called the police. She and two detectives proceeded to Stacey Watkins' house, as Keena Franklin thought defendant might be there. En route to the house they encountered defendant walking down the street. Defendant told the detectives that the money with which he was seen had been given to him by Reginald Booker that morning. Reginald Booker was in a hospital on April 13, 1986. A search of defendant revealed thirty-five $1.00 bills in his pocket. The detectives asked defendant if Stacey Watkins was involved, to which defendant responded: "Say, man, this is my case. I don't want to get her involved. I left the money I took with Stacey." The detectives proceeded to Stacey Watkins' house where she gave them $380.00. Later that day, the police officers recovered an additional $80.00 from Stacey Watkins.

Defendant had been at Stacey Watkins' house during the morning of April 13, 1986. Defendant gave her some money and stated, "I took it ... from the service station." Defendant told her to keep the money until he returned for it. Defendant then left Stacey Watkins' house.

Stacey Watkins made two statements to the police. In the handwritten statement, she wrote:

I was a faed and scard. Johnny come my house and gave me a loits of money of many the poilce come to my house and I gave the poilce the money[.] he told me that he take the money from the station.

The police report sets out the oral statement which she made as follows:

I was afraid and scared of Johnny, when he came to my house he gave me some money and told me he had robbed the service station. Stacy W. further stated when the officers arrived at the house, she gave them all but $80, which she kept for herself and Johnny.

In response to defense counsel's motion for discovery, the prosecution provided three police reports, one of which contained Stacey Watkins' oral statement and a reference to the existence of the handwritten statement; the actual handwritten statement was not provided. Stacey Watkins had been an endorsed witness since April 1986. At trial, both statements were admitted into evidence.

■ In his first point, defendant claims that the prosecutor suppressed Stacey Watkins' handwritten statement, and that the statement was material. Thus, defendant seeks a new trial. It is established law that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). Initially, this court examines whether the prosecutor did in fact suppress evidence. For, the record reveals that the defendant had access to and saw a police report which made reference to Stacey Watkins' handwritten statement. The prosecutor cannot be condemned if defendant had knowledge of the statement at issue. *State v. Sykes*, 628 S.W.2d 653, 656 (Mo.1982); *See also State v. Williams*, 715 S.W.2d 591, 593 (Mo.App., E.D.1986). Nonetheless, this court will assume, *arguendo*, that the prosecutor failed to comply with defendant's motion for discovery. The appropriate analysis thus becomes whether or not the suppressed evidence is material. *Hayes v. State*, 711 S.W.2d 876, 879 (Mo. banc 1986). Defendant is not automatically entitled to a new trial simply because the prosecutor failed to comply with the motion for discovery. *Id.*

■ Evidence is material in this sense only if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481 (1985). A reasonable probability is a "probability sufficient to undermine confidence in the outcome" of the trial. *Id.* 105 S.Ct. at 3381, 3384. The nondisclosure must result in fundamental unfairness. *State v. Rhodes*, 591 S.W.2d 174, 177 (Mo.App., E.D.1979).

■ In the present case, the two statements made by Stacey Watkins are substantially similar. In addition, the evidence adduced at trial, independent of any statements defendant made to Stacey Watkins, strongly supports the jury's finding of guilt. Thus, the statement in question was not material; its suppression does not undermine confidence in the outcome of defendant's trial. This point is denied.

■ In his second point, defendant argues that portions of the oral and handwritten statements made by Stacey Watkins constituted hearsay and should not have been introduced into evidence. However, the statements complained of are admissions by defendant that he robbed the gas station; thus, they are exceptions to the hearsay rule. *See Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App., E.D.1985); *State v. Engleman*, 634 S.W.2d 466, 480 (Mo. 1982). This point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.