Brandon HUTCHISON, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 83106.

Supreme Court of Missouri,
En Banc.

Nov. 20, 2001.

Melinda K. Pendergraph, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Assistant Attorney General, Jefferson City, Robert E. George, Prosecuting Attorney, Mt. Vernon, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

Brandon Hutchison appeals from a denial of his Rule 29.15 postconviction motion. The motion court refused to allow appellant to present evidence to support his claim that the state failed to reveal a plea bargain agreement with the state's key witness. Because we find that Hutchison has alleged facts, which, if true, would entitle him to relief and that the record does not refute his claim, we reverse and remand for an evidentiary hearing.

## I.

Brandon Hutchison was convicted of two counts of first-degree murder and sentenced to death. This Court affirmed. *Hutchison v. State*, 957 S.W.2d 757 (Mo. banc 1997). He filed a timely Rule 29.15 motion. The motion court denied relief after a lengthy evidentiary hearing. This Court has jurisdiction over his appeal. Mo. Const. art. V, sec. 10.

In his appeal from the denial of his Rule 29.15 motion, Hutchison raises ten points of error. In his first claim, Hutchison alleges that the motion court erred by not allowing him to present evidence of a deal allegedly struck before or during trial with the state's primary witness, Freddy Lopez. Hutchison alleges that the state did not reveal the plea bargain, allowed Lopez to testify falsely about the deal without correcting his error and improperly argued to the jury that Lopez had no deal during the state's closing statement. Because the motion court should have re-

ceived evidence and considered the claim, the other nine issues need not be addressed at this time.

The state's primary witness at trial was Freddy Lopez, who was also charged with two counts of first-degree murder as an accomplice. At trial, Lopez testified that he had no deal with the prosecution and that the prosecution was not willing to make a deal at that time. He further testified that he was "pray[ing]" that he got a deal for this testimony against Hutchison. During closing argument, the prosecutor stated that Lopez did not have a deal and was still charged with two counts of first-degree murder. The prosecutor told the jury, "He didn't get out of anything. If anything, he convicted himself on the stand because he is responsible also. He went along."

In his amended 29.15 motion, Hutchison alleged that at the time of trial the prosecuting attorney actually had made an agreement with Lopez to reduce the charges from first-degree murder to second-degree murder. Additionally, Hutchison also alleges that the state promised that nothing Lopez said during the trial would later be used against him. The only detail not resolved, according to Hutchison, was the term of years to be served. The prosecuting attorney was offering fifteen years on both charges. Lopez was asking for ten years.

Prior to the 29.15 hearing, the state filed a motion to deny certain claims without an evidentiary hearing. Because of Lopez's testimony, the motion court found that the record refuted Hutchison's claim. It denied the claim without allowing Hutchison to present any evidence to support his allegations.[1]

---

1. The motion court originally adopted the state's proposed findings of fact, which included a finding denying the failure to reveal the deal claim based on Hutchison's failure to adduce proof of a failure to reveal these plea agreements. After Hutchison lodged an ob-

## II.

In a Rule 29.15 proceeding, to obtain an evidentiary hearing, a movant must cite facts, not conclusions, that, if true, would entitle movant to relief; the factual allegations must not be refuted by the record; and the matters complained of must prejudice the movant. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). An evidentiary hearing is not required if the motion court determines that the motion and the files and records of the case conclusively show that the movant is entitled to no relief. *Id.*, Rule 29.15(h). Appellate review of a motion court's action is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Id.*, Rule 29.15(k).

The state has a duty to disclose plea agreements negotiated with state witnesses. *Hayes v. State*, 711 S.W.2d 876 (Mo. banc 1986); *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Failing to do so, the state violates a defendant's right to due process if the undisclosed evidence is material. *Hayes*, 711 S.W.2d at 879. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding might have been different. *Id.*

The state also has a duty to correct testimony of its witnesses that it knows to be false. *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). If a witness testifies falsely that no plea bargain has been negotiated, the state must correct this misinformation. *Id.*

Hutchison alleges that the state violated his due process rights in both of these manners. First, he argues that the state did not reveal a plea bargain to defense counsel, which could be used to impeach Lopez during his testimony. Second, the appellant alleges that the prosecutor failed to correct Lopez's testimony that he did not have a plea bargain. Moreover, if the allegations of Hutchison are true, the prosecutor also violated Hutchison's due process rights by reaffirming the lack of a plea bargain during his closing statement.

If the defendant can present sufficient evidence that a plea bargain had been struck, the motion court must then decide whether the evidence was material.

## III.

The judgment of the motion court is reversed, and the case is remanded for proceedings consistent with this opinion. On remand, the parties should be allowed to present witnesses and evidence relating to any plea negotiations or agreements occurring before, during or after Hutchison's trial. The court should find sufficient guidance by the legal and factual analysis of *Napue, Giglio,* and *Hayes*.

All concur.

---

jection, the motion court in a separate order, filed October 27, 2000, struck this finding and entered an order denying the claim solely because the matter was refuted by the record.