**Manu PATEL, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 81418.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 15, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 2003.

Michael J. Gorla, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Jefferson City, MO, for respondent.

**WILLIAM H. CRANDALL, JR.,** Presiding Judge.

Movant, Manu Patel, appeals from the judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We affirm in part, reverse in part and remand.

Movant was charged with three counts of assault in the first degree and three counts of armed criminal action. At trial, Alondo Andre testified as follows for the state: Movant offered Andre $5,000 to kill Peter Patel.[1] Andre agreed and movant gave him a pistol and $1,000. Andre went to Peter Patel's store and shot him but did not kill him. Andre went to the store a second time and fired a shot through the door but did not kill Peter Patel. When the first two attempts to kill Peter Patel failed, movant told Andre he should kill Peter Patel's wife. Andre returned to the store and shot and injured Peter Patel's wife.

The jury found movant guilty of the six counts. The trial court sentenced movant to consecutive terms of twenty, five and seven years' imprisonment for the assault convictions and concurrent terms of five, three and five years' imprisonment for the armed criminal action convictions. Movant appealed and this court affirmed his convictions. *State v. Patel*, 18 S.W.3d 21, 22 (Mo.App. E.D.2000).

Movant timely filed a pro se and amended Rule 29.15 motion for post-conviction relief. Movant claimed that the state violated its duty under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Rule 25.03 to disclose the full extent of its bargain with Alondo Andre. According to movant, at the time he was arrested Andre was on probation for the offense of tampering in the first degree, a class C felony. Movant alleged that in addition to the twenty-year sentence for the charges arising in the present case, the state also recommended that in exchange for his testimony, Andre's sentence in the tampering case be served concurrently to the twenty-year sentence. Movant also alleged that if the withheld evidence had

---

1. Movant and Peter Patel are not related.

been disclosed to the defense there is a reasonable probability that the result at trial might have been different. Movant also raised four claims of ineffective assistance of counsel. The court entered judgment, denying movant's motion without an evidentiary hearing. Movant appeals from this judgment, raising two points.

■ To obtain an evidentiary hearing in a Rule 29.15 proceeding, the movant must cite facts not conclusions that if true would entitle the movant to relief, the factual allegations must not be refuted by the record, and the matters complained of must prejudice the movant. *Hutchison v. State,* 59 S.W.3d 494, 496 (Mo. banc 2001). An evidentiary hearing is not required if the court determines that the motion and the files and records of the case conclusively show that the movant is entitled to no relief. Rule 29.15(h); *id.* Appellate review of a trial court's action is limited to a determination of whether the trial court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Hutchison,* 59 S.W.3d at 496.

■ Movant argues in his first point that the trial court clearly erred in denying, without an evidentiary hearing, his claim that he was denied his constitutional rights to due process when the state failed to disclose the full extent of its plea bargain with Alondo Andre.

The trial court found that the record reflected that Andre waived his right to a probation revocation hearing for the tampering conviction in return for a recommendation that the seven-year sentence for this conviction be served concurrently with the twenty-year sentence he was to receive for his testimony against movant in the present case. The court further found that the transcript of the hearing regarding Andre's probation revocation "was clear" that the state's recommendation was only offered in exchange for Andre's waiver of a hearing for his probation revocation and not for his testimony against movant. The court also found that the record reflected that movant's trial counsel impeached Andre for his guilty pleas arising from the present case and there was "ample evidence" presented to the jury that the state had recommended twenty years in exchange for Andre's testimony. The court concluded that even if the state failed to disclose any alleged bargain, "that information would not have reasonably changed the outcome of the trial" and movant was not prejudiced.

■ Even without a request, prosecutors must disclose exculpatory evidence, including evidence that may be used to impeach a government witness. *Middleton v. State,* 80 S.W.3d 799, 804 (Mo. banc 2002). *See also Brady,* 373 U.S. at 87, 83 S.Ct. 1194; Rule 25.03. The state has a duty to disclose plea agreements with its witnesses. *Hutchison,* 59 S.W.3d at 496. If the state fails to do so, the state violates a defendant's right to due process if the undisclosed evidence is material. *Id.* "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding might have been different." *Id.* The issue is not whether the defendant would more likely than not have received a different verdict with the disputed evidence, but whether in its absence the defendant received a fair trial, understood as a trial resulting in a verdict worthy of confidence. *State v. Goodwin,* 43 S.W.3d 805, 812 (Mo. banc 2001).

In denying movant's claim, the trial court relied on the transcript from the hearing regarding Andre's probation revocation for his conviction of tampering in the first degree. The transcript of the hearing provides in part as follows:

THE COURT: [speaking to Andre] ... you wish to admit that you have violated the laws of the State of Missouri and therefore violated your probation.

[ANDRE]: Yes, sir.

. . .

THE COURT: And you have violated the laws and apparently plead[ed] guilty and got sentenced in another division [referring to the charges arising from the shootings in the present case].

[ANDRE'S COUNSEL]: He has plead[ed] guilty in Division 17. He has not been sentenced yet.

THE COURT: And you were here in this Court on September 3, 1996, at which time you were sentenced under the tampering first degree for violating that statute, a[c]lass C felony, is that right?

[ANDRE]: Yes, sir.

THE COURT: And so you wish for the Court to accept your admission?

[ANDRE]: Yes, sir

. . .

THE COURT: What is the recommendation, [speaking to the prosecutor].

[THE PROSECUTOR]: Judge, the recommendation is for a seven-year sentence on the tampering charge. However, the deal that was worked out was that it be run concurrently with the sentence he is going to receive in Division 17 [referring to Andre's pleas from the shootings in the present case].

THE COURT: Is that your understanding also, [Andre's counsel].

[ANDRE'S COUNSEL]: Yes, Your Honor.

THE COURT: You understand that, sir?

[ANDRE]: Yes, sir.

THE COURT: That's what you that's the reason you agree to waive a hearing, is that correct?

[ANDRE]: Yes, sir.

According to the state and the trial court, the transcript demonstrates that the state's recommendation that Andre's seven-year sentence be served concurrently with the twenty-year sentence was not made in exchange in for his testimony but rather for Andre waiving his rights to a revocation hearing.

As previously discussed, the motion, files and records must "conclusively show that the movant is entitled to no relief" to deny a request for an evidentiary hearing. Rule 29.15(h). Movant alleged that in exchange for Andre's testimony in the present case, the state recommended that his seven-year sentence be served concurrently with the twenty-year sentence. While Andre did waive his revocation hearing, the state's recommendation as to sentence was specifically tied to the sentence he was to receive in exchange for his testimony against movant.[2] Review of the record including the transcript does not "conclusively" refute movant's allegation.

At movant's trial, the jury was required to find that movant aided or encouraged Andre to commit the offenses. Andre was the state's primary witness on this issue giving testimony that movant hired him to commit the shootings. His credibility was paramount. Given the importance of Andre's credibility, if the jury had been informed that, as alleged, the state recommended a seven-year sentence from an unrelated case be served concurrently with the twenty-year sentence, there is a reasonable probability that the result of the

---

**2.** We do not address the propriety of ordering a sentence to be served concurrently with a sentence not yet imposed. *See State v. Cooper,* 811 S.W.2d 786, 790 (Mo.App.1991).

proceeding might have been different. Movant's point is granted.

Movant argues in his second point that the trial court clearly erred in denying one of his claims of ineffective assistance of counsel. In the challenged claim, movant alleged that after the trial court granted a motion to prohibit the state from referring to Andre's post-arrest statements, counsel rendered ineffective assistance when he "opened the door" during Andre's cross-examination for admission of these statements in re-direct. The trial court's findings for this claim are not clearly erroneous. Discussion of this point would have no precedential value. Movant's second point is denied. Rule 84.16(b).

As to movant's claim discussed in point one, the judgment is reversed and remanded for an evidentiary hearing. In all other respects, the judgment is affirmed.

SHERRI B. SULLIVAN, J., and GLENN A. NORTON, J., concur.

