**STATE of Missouri,
Plaintiff/Respondent,**

**v.**

**James PEEK, Defendant/Appellant.**

**James PEEK, Defendant/Appellant,**

**v.**

**STATE of Missouri,
Plaintiff/Respondent.**

**Nos. 57062, 58167.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 2, 1991.

Linda Murphy, Clayton, Henry B. Robertson, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions of two counts of assault in the first degree, two counts of armed criminal action arising from the assaults, and one count of attempted forcible rape. He also appeals denial of his Rule 29.15 motion. Defendant was sentenced to twenty-five years imprisonment on each assault charge, to ten years imprisonment on each armed criminal action charge, and to five years imprisonment on the attempted rape charge. The sentences on the assault and armed criminal action charges were made concurrent and the sentence on the attempted rape charge was made consecutive.

The victims, Terry Upshaw and his girlfriend Karen Gatewood, were visiting with defendant in his residence. The state's evidence was that without warning or provocation defendant attacked Upshaw with a knife inflicting multiple serious stab wounds and then attacked Gatewood with a hammer rendering her unconscious. When she awoke defendant was on top of her and both were naked from the waist down.

Defendant testified that without provocation Upshaw attacked him when defendant told Upshaw and Gatewood to leave the premises and refused to drive them home. While defendant was fighting with Upshaw, Gatewood jumped on defendant's back on three occasions. On the first two defendant threw her off. On the third he struck her with a hammer which he had forcibly taken away from Upshaw during the fray. The trial court submitted a self-defense instruction as to the assault on Upshaw but refused such an instruction as to the assault on Gatewood.

Defendant first premises error on the trial court's action in sustaining challenges for cause by the state to two veniremen who initially indicated they would require more than the testimony of one witness in order to convict. Defendant contends that subsequent questioning rehabilitated the veniremen and that striking them for cause was the equivalent of giving the state two extra peremptory challenges. The issue is succinctly addressed in *State v. Jones*, 749 S.W.2d 356 (Mo. banc 1988) [4]:

"It is appropriate to note at the outset the usual rule that error may not be predicated on the sustaining of a challenge for cause if a full panel of qualified jurors is tendered for peremptory challenge. Otherwise the trial judge would be placed in an impossible position, especially since our decisions encourage trial judges to excuse challenged jurors freely when arguable grounds are presented."

Defendant makes no contention that the venire panel tendered for peremptory challenge was other than a "full panel of qualified jurors." We find no error.

Defendant next premises error on the failure of the trial court to give a self-defense instruction as to the assault against Gatewood. If there is any substantial evidence putting self-defense in issue the court is required to instruct the jury on that defense. *State v. Spencer*, 725 S.W.2d 54 (Mo.App.1987) [2, 3]. Such evidence may come from defendant's testimony alone. *State v. Nunes*, 546 S.W.2d 759 (Mo.App.1977) [12]. The evidence must be viewed in the light most favorable to the defendant. *State v. Spencer, supra.*

■■■ The state justifies the failure to give the instruction on the basis that Gatewood was much smaller than defendant and defendant had no knowledge she was armed. This ignores defendant's testimony that he was simultaneously engaged in battle with two people, Upshaw and Gatewood, the former of whom was attempting to do him great physical harm. Under those circumstances defendant was authorized to use such force as necessary to defend himself against the combined attack. Whether Gatewood herself intended or was capable of doing great physical harm to defendant, her engagement in the battle increased the danger to defendant from Upshaw and defendant would be justified in removing that increased danger. The reasonableness of defendant's belief in the necessity of using deadly force is generally a question for the jury. *State v. Chambers,* 671 S.W.2d 781 (Mo. banc 1984) [7, 8]. In resisting an assault a person is not required to determine with absolute certainty the amount of force required for that purpose. *Id.* [9]. Under defendant's version of the facts he was entitled to a self-defense instruction as to the assault charge involving Gatewood. Because it was error to refuse the self-defense instruction it became the state's burden to demonstrate lack of prejudice to defendant. *State v. Johnson,* 537 S.W.2d 816 (Mo.App. 1976) [11,12]. The state has not undertaken to meet that burden. The convictions for assault on Gatewood and the related armed criminal action charge are reversed and remanded for new trial.

Defendant also posits error on the refusal to submit a "sudden passion" instruction on the Gatewood assault charge. It is sufficient to say that no evidence supported such an instruction. We have reviewed defendant's remaining contentions of error. They are either moot or patently without merit. Defendant's Rule 29.15 motion was untimely filed. The court did not err in dismissing that motion. *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989).

Judgment of conviction on Counts III and V reversed and remanded. Judgment of conviction on Counts I, II and IV affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.