**Robert GOODSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 73517.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 21, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 1998.

Application for Transfer Denied
Nov. 24, 1998.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Chief Judge.

Robert Goodson ("Movant") appeals the dismissal of his Rule 29.15 motion for post-conviction relief. The trial court found the motion was filed out of time. We affirm.

Movant was convicted of first degree assault and armed criminal action. This court affirmed the judgment of conviction and sentence of two concurrent terms of twenty-five years imprisonment. *State v. Goodson,* 943 S.W.2d 239 (Mo.App.1997). Our mandate issued on March 15, 1997. Appellant was delivered to the custody of the Missouri Department of Corrections on March 17, 1997.

Movant filed a Rule 29.15 motion for post-conviction relief, which was stamped received by the Clerk of the Circuit Court on August 20, 1997, ninety-seven days after our mandate from the direct appeal was issued.

Appellate review of the denial of a post-conviction motion is limited to the determination of whether the findings of fact and conclusions of law are "clearly erroneous." *State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996); Rule 29.15(k).

Rule 29.15(b) provides, in pertinent part:

... If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court is issued....

A paper is filed when it is received by the proper officer and lodged in his office. *Euge v. Golden,* 551 S.W.2d 928, 931 (Mo. App.1977). This court has recognized the date a document "was stamped as being received" as evidence of the date of receipt. *Id.; see also State v. Spicuzza,* 806 S.W.2d 719, 722 (Mo.App.1991) (trial court erred in computing the timeliness of a Rule 29.15 motion from the date of a docket entry noting its receipt because the date the motion was stamped received is the significant date). In as much as Movant concedes that his motion was stamped received by the Clerk more than ninety days after issuance of our mandate affirming his conviction, it follows that the trial court did not clearly err in dismissing his motion. *State v. Peek,* 806 S.W.2d 504, 506 (Mo.App.1991).

In his first point on appeal, Movant claims the trial court nevertheless erred in dismissing his motion because he mailed the motion from prison on August 6, 1997, only eighty-three days after the mandate issued and he

should be given the opportunity to show that "it is not only conceivable, but probable, that the motion arrived at the clerk's office within seven days after it was placed in the mail." We reject this contention for a number of reasons.

■ First, we can find no indication in the record that this contention was ever made in the trial court. The trial court dismissed Movant's motion, which naturally contained no mention of the timeliness problem, without a hearing. This was not improper because the record before the court showed that the motion was stamped "received" more than ninety days after the mandate issued and thus was untimely. Rule 29.15(h). Allegations of error not presented in the trial court may not be considered on appeal. *Moton v. State*, 772 S.W.2d 689, 692 (Mo.App. 1989).

■ Second, the record before this court contains no evidence to substantiate Movant's contention that the motion was mailed on August 6, 1997. Although the motion was notarized on August 6, 1997, there is no certificate or affidavit as to the date the motion was mailed. The only reference supplied by Movant to support the proposition that it was timely mailed is an unsworn statement in Movant's notice of appeal that "Movant alleges that his pro se motion was notarized and placed in the institutions outgoing mail on August 6, 1997." Bare allegations in the notice of appeal are not evidence we can consider in evaluating whether the action of the trial court is "clearly erroneous."

■ Finally, even assuming *arguendo* that Movant in fact mailed the motion in a timely manner, it is the date of filing, not the date of mailing, which controls. *Euge*, 551 S.W.2d at 931; *see also O'Rourke v. State*, 782 S.W.2d 808, 809–10 (Mo.App.1990) (refusing to adopt a "mailbox rule" for computing the timeliness of post-conviction motions). As the State points out in its brief, Movant's assertion that it is "probable" that the motion arrived in the clerk's office on time but was not stamped until some days later rests on pure speculation. If Movant wished to offer *evidence* to support his assertion, the Rules provide a variety of ways to do so. *See, e.g.*, Rule 74.06(a) (providing procedure for correction of clerical mistake); Rule 73.01(a)(4) (allowing motion for new trial in cases tried without a jury); Rule 78.01 (authorizing trial court to take additional evidence in actions tried without a jury); Rule 74.06(b) (providing for relief from judgment due to mistake). On the record presently before us, we find no error.

In his second point, Movant contests the constitutionality of the time limits imposed by Rule 29.15. The Missouri Supreme Court has rejected such challenges. *Day v. State*, 770 S.W.2d 692 (Mo. banc), *cert. denied* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

The judgment is affirmed.

RICHARD B. TEITELMAN, J., concurs.

CHARLES B. BLACKMAR, Senior Judge, concurs in opinion filed.

CHARLES B. BLACKMAR, Senior Judge, concurring.

I concur in the principal opinion because the result is compelled by controlling authority. I write separately simply to encourage the Supreme Court to adopt a "mailbox rule" with regard to 29.15 motions filed by persons who are in custody.

The movant-appellant asserts in the appeal papers that he signed the verification on his pro se 29.15 motion on August 6, 1997 and placed the motion in the hands of prison authorities for mailing. The principal opinion faults him because he did not formally present these facts to the trial court by motion to set aside the judgment of dismissal. Thus, he has to explore uncharted waters in search of a remedy. I am confident that if he can prove the facts he now asserts then some federal or state court will allow him a hearing. We can anticipate that his efforts simply to get a hearing will be vigorously opposed by the attorney general's office, in the line of duty. The net effect will be the consuming of time and money in resisting an effort to obtain a hearing, which will probably be granted at some stage.

The rule puts the burden on the defendant to initiate the post-conviction process. He must proceed without counsel, because his trial counsel is necessarily the target of his claims. As has been pointed out elsewhere, a prisoner is completely dependent on the prison authorities to mail his letters. *See Nichols v. Bowersox*, Nos. 97–3639, 97–3640, 1998 WL 151380, at *3, —— F.3d ——, —— (8th Cir. Apr.3, 1998)(citing *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). If the rule provided that a 29.15 motion transmitted by certified mail will be taken as filed on the date shown on the prisoner's receipt, then a complicated problem will be made simple, with only a few days of possible delay. The rule might also provide that the state would advance the cost of mailing if the prisoner had insufficient funds to pay the postage. With such a rule the court should be able to appoint counsel, receive an amended motion if such is filed, and rule the case on the merits, without protracted procedural arguments.

With these observations, I concur.