**Kembert THOMAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 77241.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 1, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 2000.

Application for Transfer Denied
Dec. 5, 2000.

---

7. O'Reilly's remaining points on appeal are    not addressed.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Kembert Thomas, ("appellant"), appeals the judgment of the Circuit Court of the City of St. Louis dismissing his Rule 29.15 motion for postconviction relief as untimely. We affirm.

Appellant was convicted of murder in the second degree, section 565.021, RSMo 1994,[1] and armed criminal action, section 571.015. This court affirmed the judgment of conviction and sentence of two consecutive life sentences. *State v. Thomas,* 991 S.W.2d 191 (Mo.App. E.D.1999). Our mandate was issued on June 7, 1999.

Appellant filed a pro se Rule 29.15 motion for postconviction relief, which was stamped received by the Clerk of the Circuit Court on September 8, 1999, ninety-one days after our mandate from direct appeal was issued.[2] On September 17, 1999, appellant was appointed counsel by the motion court. On September 21, 1999, the state filed a motion to dismiss appellant's pro se Rule 29.15 motion for being untimely filed. On September 24, 1999, appellant's appointed counsel filed both a request for additional time to file an amended motion and suggestions in opposition to the state's motion to dismiss. On September 25, 1999, the motion court granted appellant's request for additional time to file an amended motion. On November 9, 1999, the motion court issued an order and judgment dismissing appellant's Rule 29.15 motion for being untimely filed.

Appellant raises four points on appeal. In his first point, appellant alleges the trial court lacked jurisdiction to sentence and convict him. In his second point, appellant alleges the motion court erred in denying his allegation that both trial and appellate counsel were ineffective for failing to raise his jurisdictional argument. In his third point, appellant alleges the motion court erred by failing to apply the "mailbox" rule in determining the timeliness of his Rule 29.15 motion. In his fourth claim, appellant challenges the constitutionality of the time limits imposed by Rule 29.15. Appellant's appeal can be resolved on the issue of whether the motion court clearly erred by dismissing appellant's Rule 29.15 motion as untimely; therefore, we address this issue first.

Appellate review of the denial of a postconviction motion is limited to the determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *State v. Tokar,* 918 S.W.2d 753, 761 (Mo.banc 1996); Rule 29.15(k).

Rule 29.15(b) states, in pertinent part:

1. All statutory references are to RSMo 1994.

2. The ninetieth day was actually September 5, 1999, which fell on a Sunday. September 6, 1999 was a legal holiday (Labor Day). Therefore, pursuant to Rule 44.01, the actual due date of appellant's Rule 29.15 motion was September 7, 1999. Regardless, appellant was one day late for timely filing of his Rule 29.15 motion.

If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court is issued.

■ "A post-conviction [sic] motion is considered filed when deposited with the circuit court clerk," *Lewis v. State,* 845 S.W.2d 137, 138 (Mo.App. W.D.1993), not when the motion is mailed. *Day v. State,* 864 S.W.2d 24, 25 (Mo.App. S.D.1993). "Missouri courts have repeatedly held that the time limits of Rule 29.15 are valid and mandatory." *State v. Ricker,* 936 S.W.2d 167, 173 (Mo.App. W.D.1996). "The appellate courts of this state have historically rejected applying the mailbox rule to the filing of postconviction relief motions." *Stidham v. State,* 963 S.W.2d 351, 353 (Mo.App. W.D.1998); *See also State v. Collier,* 918 S.W.2d 354, 356 (Mo.App. W.D. 1996). "An untimely pro se motion for postconviction relief is a fatal defect which cannot be cured by a timely amended motion." *Morgan v. State,* 8 S.W.3d 151, 153 (Mo.App. S.D.1999); *See also Stidham,* 963 S.W.2d at 353; *Leatherwood v. State,* 898 S.W.2d 109, 112 (Mo.App. S.D.1995). An appellant's failure to plead and prove a timely postconviction motion constitutes waiver of any right to proceed. *Forister v. State,* 991 S.W.2d 159, 160 (Mo.App. E.D. 1999). The Missouri Supreme Court has held the time limits imposed by Rule 29.15 are constitutional. *State v. Simmons,* 955 S.W.2d 752, 771 (Mo.banc 1997); *State v. Roll,* 942 S.W.2d 370, 374 (Mo.banc 1997).

Appellant does not dispute his pro se Rule 29.15 motion was filed untimely. Appellant does not point to any specific mistake or wrongdoing on the part of a third party which prohibited his pro se Rule 29.15 motion from being timely filed. Instead, appellant prays for implementation of the "mailbox" rule and challenges the constitutionality of Rule 29.15. In light of the well-settled law of Missouri, we find these claims are without merit.

Additionally, appellant argues he was not given the proper time by the motion court to amend his pro se Rule 29.15 motion. However, his untimely filed pro se Rule 29.15 motion was a fatal defect which could not have been cured by an amended motion. Therefore, the motion court was not clearly erroneous in dismissing appellant's pro se Rule 29.15 motion for being untimely filed.

Since our review is limited to the determination of whether the motion court was clearly erroneous in dismissing appellant's *pro se* Rule 29.15 motion, we are without jurisdiction to review appellant's other two points on appeal.

Based on the foregoing, we affirm the dismissal of appellant's Rule 29.15 motion by the motion court.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.