STATE of Missouri, Respondent,

v.

Tony Adrian SURRITTE, Appellant.

No. WD 57562.

Missouri Court of Appeals, Western District.

Jan. 23, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondant.

Craig A. Johnston, Asst. Public Defender, Columbia, for Respondent.

HOLLIGER, Presiding Judge.

Tony Surritte was convicted following a jury trial of the Class D Felony of driving while intoxicated, § 577.010 RSMo.1994 [1] and § 577.023.3, RSMo. Cum.Supp.1999, and the Class A misdemeanor of driving while revoked. § 302.321, RSMo. Cum. Supp.1999. Surritte presents two issues on appeal: (1) whether there was sufficient evidence that he was driving a motor vehicle and if he was that he was intoxicated at the time; and (2) that there was insufficient evidence to prove he was actually driving to support the driving while suspended charge, and that there was additionally a variation between the crime charged in the information ("driving while

suspended") and the jury instruction ("driving while revoked"). The state argues that we should refuse to consider Surritte's direct appeal and uphold the trial court's denial of his motion for new trial because of the "escape rule." Because we find the "escape rule" dispositive, we do not address the issues raised by Surritte.

After his conviction Surritte filed a timely motion for new trial but failed to appear for his sentencing on April 30, 1999. He was subsequently arrested for this failure on May 4, 1999. On May 14 the court denied the motion for new trial because of the "escape rule." However, "ex gratia" the court denied the motion for judgment of acquittal or new trial on the merits.

 Surritte first argues that the trial court erred in applying the escape rule because the escape did not adversely affect the criminal justice system, as he was gone only four days and that there was no evidence that he posed a danger to society or harmed anyone during his absence. Surritte also argues that the judge improperly considered his failure to appear for two misdemeanor cases, the loss of his job, and a claim in the pre-sentence investigation that he pawned items that did not belong to him. The "escape rule" may be utilized by a reviewing court to dismiss an appeal where the delay caused by the escape has an adverse effect on the criminal justice system. *State v. Troupe*, 891 S.W.2d 808, 810 (Mo. banc 1995). It matters not whether the escape occurs before or after the filing of the notice of appeal. *Id.* at 811. Whether dismissal of the escapee's appeal is warranted is addressed to the sound discretion of the appellate tribunal. *State v. Janson*, 964 S.W.2d 552, 554 (Mo. App.1998). In *Janson* the defendant was missing for fifteen days necessitating the rescheduling of the sentencing hearing. Surritte was arrested four days after the

---

**1.** All statutory references are to R.S.Mo.1994 unless otherwise indicated.

original sentencing hearing date and there was a total delay of 14 days before he was finally sentenced. The state argues, however, that *Janson* is distinguishable because there the court noted there was nothing in the record to reflect that the defendant posed a danger to society or had harmed anyone during the escape period. *Id.* Here the state claims that Surritte allegedly pawned some items belonging to his former employer and failed to appear as required on two misdemeanor cases. We agree with the state that the length of the period of escape is not the only factor for consideration. There is, however, no substantial detail in the record on appeal by which this court can evaluate the circumstances about which the state complains. It is unclear when Surritte failed to appear on the other cases. It appears they may have even been before his "escape" in this case. There are no details concerning, and indeed no evidence in the record about, the other alleged incident. We cannot tell what property was involved, whether there were any disputes about ownership, whether additional criminal charges were filed or contemplated or, as a factual matter, for certain whether these occurred during the period of escape. The state argues the judicial system was adversely affected by the use of resources employed to arrest Surritte. Some such effect would exist in an escape case but Missouri does not apply a per se rule in escape cases. *Troupe*, 891 S.W.2d at 813 (Limbaugh concurring in result).

Surritte was originally sentenced pursuant to § 559.115. After a 120 day treatment program, he was released on probation.

The court has now been advised that Surritte absconded from probation and that there has been a warrant for his arrest outstanding since March 30, 2000. Violation of the terms of an appeal bond has been held grounds for dismissal of an appeal. *State v. Bickell*, 941 S.W.2d 767 (Mo.App.1997). Escape from probation supervision has also been held to justify dismissal of an appeal. *Hicks v. State*, 824 S.W.2d 132 (Mo.App.1992). Cumulatively, Surritte has shown no respect for the judicial system or any willingness to let the legal process run its course.

The appeal is dismissed.

LOWENSTEIN and NEWTON, JJ., concur.