Odessa BROWN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 58585.

Missouri Court of Appeals, Western District.

June 5, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 2001.

Application for Transfer Denied Sept. 25, 2001.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Odessa Brown contends that the circuit court erred in denying her Rule 29.15 motion for postconviction relief because she established that her attorney was ineffective in representing her and that this prejudiced her case. We dismiss Brown's appeal because she did not file her Rule 29.15 motion with the circuit court before the rule's deadline.

This court affirmed the circuit court's judgment in *State v. Brown*, 958 S.W.2d 574 (Mo.App.1997), and we issued a mandate on February 18, 1998. Rule 29.15(b) says that, if an appeal of the judgment sought to be vacated and set aside was taken, the postconviction motion must be filed within 90 days after the date the appellate court issues its mandate. Brown's deadline, therefore, for filing her Rule 29.15 motion was May 19, 1998.

Rather than filing her motion before that date, Brown filed a motion for extension of time with the circuit court on May 13, 1998, and requested an additional 30 to 45 days in which to file her motion. On June 1, 1998, after the time for filing the motion had expired, the circuit court entered an order purporting to grant Brown's motion for extension of time and giving her 30 days within which to file her motion. Brown filed her *pro se* Rule 29.15 motion on July 1, 1998.

Rule 29.15(b) says, "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete

waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." The Supreme Court has upheld the validity of Rule 29.15's time requirements, holding that they are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Moreover, "Rule 29.15 contains no authority for extension of the time limits expressly stated." *Smith v. State*, 798 S.W.2d 152, 153–54 (Mo. banc 1990), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991). The circuit court had no discretion to grant extensions beyond the time limits set forth in the rule. *State v. Isaiah*, 874 S.W.2d 429, 435 (Mo.App. 1994).

Because the circuit court usurped its authority by extending the filing deadline for Brown's motion and because Brown did not file her motion within the time limits set forth by Rule 29.15, the circuit court lacked jurisdiction to consider the merits of her motion. *State v. Jackson*, 942 S.W.2d 942, 945 (Mo.App.1997). Likewise, this court is without jurisdiction to consider it; therefore, we dismiss Brown's appeal.[1]

PATRICIA BRECKENRIDGE, Judge, and VICTOR C. HOWARD, Judge, concur.

---

**1.** Brown alleged at the circuit court that her motion for extension of time should be considered as a timely filed motion for postconviction relief. She asserted that the motion for extension of time was substantially in the form of Criminal Procedure Form 40 as required by Rule 29.15(b). We disagree. Brown's motion for extension of time was not substantially in the form of Criminal Procedure Form 40. Moreover, it made no claims and asserted no reasons that her convictions and sentences should be set aside; it merely alleged that she needed more time in which to prepare her Form 40. Brown's contention is without merit.