Robert HINES, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 24626.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 28, 2002.

Mark A. Grothoff, Asst. Public Defend-
er, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Dora A. Fichter, Asst. Atty. Gen., Jeffer-
son City, for Respondent.

KENNETH W. SHRUM, Judge.

Robert Hines ("Movant") appeals a
judgment denying his Rule 29.15 motion
for post-conviction relief from his convic-
tions for two counts of assault in the first
degree (§ 565.050) and one count of armed
criminal action (§ 571.015).[1] The motion
court entered findings of fact and conclu-
sions of law that denied Movant's claims
without conducting an evidentiary hearing.
On appeal, the State claims that Movant's
Rule 29.15 motion was not timely filed;
therefore, it argues the motion court was
without jurisdiction, and this appeal should
be dismissed. We agree. The appeal is
dismissed.

After a jury convicted Movant, he ap-
pealed the resultant judgment of the
crimes described above. This court af-
firmed the judgment of conviction and sen-
tence by summary order and an unpub-
lished memorandum opinion per Rule
30.25, Supreme Court Rules (1999). We
issued our mandate in that case on May 3,
1999. Movant filed his Rule 29.15 motion
on August 5, 1999, which was 94 days after
this court's mandate. Movant was re-
quired to have filed his motion no later
than August 2, 1999, pursuant to Rule
29.15(b).[2]

Rule 29.15(b) reveals that "the motion
shall be filed within ninety days after the
date the mandate of the appellate court is
issued affirming such judgment or sen-
tence." Failure to file the motion within
the prescribed time allotment constitutes a
complete waiver to proceed under the rule.
Rule 29.15(b); Brown v. State, 53 S.W.3d
160, 160–61 (Mo.App.2001). An untimely
motion is a fatal defect which cannot be
cured by an otherwise timely amended
motion. Thomas v. State, 31 S.W.3d 23,
25[1] (Mo.App.2000).

The appellate courts of this state have
repeatedly held that the time limits of
Rule 29.15 are valid and mandatory.
Brown, 53 S.W.3d at 161; Thomas, 31
S.W.3d at 25. An untimely motion de-
prives the motion court of jurisdiction, and
the court must dismiss the motion even if
not requested to do so by the State. State
v. Myers, 997 S.W.2d 26, 36 (Mo.App.
1999). Because the motion was filed more
than 90 days after the mandate was issued,
the motion court had no jurisdiction; con-
sequently, this court is without jurisdiction

1. All rule references are to Supreme Court
Rules (2001), unless indicated otherwise. All
statutory references are to RSMo (1994), un-
less otherwise stated.

2. The 90th day fell on August 1, 1999, which
was a Sunday. Pursuant to Rule 44.01, Su-
preme Court Rules (1999), Movant was re-
quired to file the motion by the next day, i.e.,
August 2, 1999.

to consider the appeal. *Brown,* 53 S.W.3d at 161.

The appeal is dismissed.

PARRISH and RAHMEYER, JJ., concur.