James SHIELDS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 80134.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 3, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 22, 2002.

Richard H. Sindel, Clayton, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Assistant Attorney General, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Presiding Judge.

James Shields (hereinafter, "Movant") appeals the motion court's judgment dismissing his Rule 29.15 motion for postconviction relief as untimely. Movant raises one point on appeal. Movant alleges that the motion court erred in dismissing his postconviction relief motion without granting him a hearing to produce evidence that his motion was either received and lodged by the Circuit Clerk's office within the ninety-day time period as set out in the rule or would have been received and lodged but for the neglect or oversight of a third party. Movant claims that dismissal of his Rule 29.15 motion, if due to the neglect or oversight of a third party, would violate his rights to Due Process and Equal Protection as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 10 and 18(a) of the Missouri Constitution. We affirm.

Movant was convicted of one count of statutory rape in the first degree, Section 566.032 RSMo (2000) [1]; one count of statutory sodomy in the first degree, Section 566.062; and one count of child molestation in the first degree, Section 566.067. Movant was sentenced to two concurrent sentences of life imprisonment on the first two counts, and a concurrent term of seven years' imprisonment on the third count. This court affirmed the judgment of his conviction. *State v. Shields*, 29 S.W.3d 407 (Mo.App. E.D.2000).

After being delivered to the Potosi Correctional Institution (hereinafter, "Pris-

on"), Movant prepared a *pro se* motion for postconviction relief pursuant to Rule 29.15. Movant states he signed the motion for postconviction relief on February 8, 2001. Later that same day, Movant's caseworker notarized his motion. Movant states he then placed the correct postage on the envelope and delivered it into the custody of a corrections officer. Movant states he and three other inmates witnessed the corrections officer place the envelope in the Prison mailbag. As a result, his Rule 29.15 motion would have entered the Prison's mail system on Thursday, February 8, 2001. However, the Circuit Clerk's office did not file stamp the motion until Tuesday, February 20, 2001. Since Movant's Rule 29.15 motion was not file stamped by February 13, 2001, the expiration date for the ninety-day deadline, Movant's motion was dismissed as untimely filed, without appointment of counsel, warning or further inquiry. This appeal follows.

Appellate review of the denial of a postconviction relief motion is limited to the determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Hutchison v. State*, 59 S.W.3d 494, 496 (Mo. banc 2001); Rule 29.15(k). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Link*, 25 S.W.3d 136, 148–49 (Mo. banc 2000).

Rule 29.15(b) states, in pertinent part:

If an appeal of the judgment to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days

---

**1.** All further statutory references are to RSMo (2000) unless otherwise indicated.

after the date the mandate of the appellate court is issued.

Rule 29.15(b). The time limitations contained in Rule 29.15 are valid and constitutional. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The time limitations are reasonable and serve the legitimate end of avoiding delay in the processing of prisoners' claims and preventing the litigation of stale claims. *Id.*

A postconviction motion is considered filed when deposited with the circuit court clerk, not when the motion is mailed. *Thomas v. State,* 31 S.W.3d 23, 25 (Mo.App. E.D.2000). Thus, appellate courts in Missouri reject applying the mailbox rule[2] to the filing of postconviction relief motions. *Id.* at 25. An untimely *pro se* motion for postconviction relief is a fatal defect which cannot be cured by a timely amended motion. *Id.* at 25.

Movant concedes that Missouri does not recognize a mailbox rule. Movant requests a preliminary hearing to determine the reason or reasons that his motion took almost two weeks to be file stamped at the Circuit Clerk's office after he had relinquished it to the corrections officer to mail.

The argument made by Movant is similar to the one made in *Goodson v. State,* 978 S.W.2d 363 (Mo.App. E.D.1998). In *Goodson,* the movant claimed that because he mailed his Rule 29.15 motion seven days before the ninety-day deadline he should be allowed to show it was not only conceivable, but probable, that his motion arrived at the circuit clerk's office before the ninety-day deadline. *Id.* at 365. The only evidence offered by the movant in *Goodson* was an unsworn affidavit wherein the movant alleged the date the motion was notarized and mailed. This Court stated that "bare allegations" of this type are not evidence that can be considered in determining whether the trial court's action was clearly erroneous. *Id.* Even assuming the motion was mailed timely, it is the date of filing, not the date of mailing, which controls. *Id.*

In the present case, Movant mailed his Rule 29.15 motion five days before the expiration of the ninety-day deadline, while in *Goodson* the motion was mailed seven days before the deadline. Movant stated that there were witnesses who could testify as to the date that the motion was mailed. In *Goodson,* this Court stated that the unsworn statements of the movant were insufficient because they were nothing more than "bare allegations." Similarly, as in *Goodson,* there are no affidavits from these alleged witnesses, only "bare allegations" that such witnesses exist. Therefore here, as under *Goodson,* Movant's claim fails because he has failed to procure affidavits from his alleged witnesses which would constitute evidence. Finally, and most importantly, in Missouri it is the date of filing, not the date of mailing, which controls.[3] *Id. See also Thomas,* 31 S.W.3d at 25. Existing court rules, cited by this Court in *Goodson* as procedural solutions[4], do not appear to offer a clear or pragmatic guideline for prisoners who believe their motions are delayed by third-party intervention. The law in Missouri does not provide a mecha-

---

**2.** *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (applying the Federal Rules of Appellate Procedure 4(a)(1), the Supreme Court recognized a rule that allows motions to be deemed received when mailed due to the circumstances of prisoners and also due to the procedural safeguards available in federal prisons).

**3.** The law in Missouri is that a motion is received when it is filed with the exception of *Cowans v. State,* 778 S.W.2d 758 (Mo.App. W.D.1989).

**4.** *Goodson,* 978 S.W.2d at 365.

nism for granting hearings to movants who claim that a third party interfered with their motion.

Despite the granting of an evidentiary hearing in *Cowans v. State*, 778 S.W.2d 758 (Mo.App. W.D.1989), we are compelled by controlling authority that holds a motion is considered filed when deposited with the circuit clerk, not when the motion is mailed. *See Id.; Harrell v. State*, 775 S.W.2d 228, 229 (Mo.App. E.D.1989). The motion court's judgment in this case was not clearly erroneous due to the fact that it followed controlling authority. *Hutchison*, 59 S.W.3d at 496. This Court does, however, have reservations as to whether justice has been served under the circumstances that Movant presents.[5]

The judgment is affirmed.

MARY R. RUSSELL, J. and MARY K. HOFF, J. concur.

---

**5.** *Bain*, 59 S.W.3d at 626 (quoting *Adams v. United States*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)) (stating the purpose of postconviction procedures is to "satisfy the public conscience that fairness dominates the administration of justice").