**Jarrett MATCHETT, Movant–Appellant,**

v.

**State of MISSOURI, Respondent–Respondent.**

**No. 25686.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 23, 2003.

Motion for Rehearing and Transfer Denied Oct. 14, 2003.

Jarrett Matchett, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Office of Attorney General, Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

Jarrett Matchett ("Movant") appeals a judgment dismissing his Rule 29.15 motion for post-conviction relief from his convictions for first degree burglary (section 569.160), statutory rape in the first degree (section 566.032), and first degree statutory sodomy (section 566.062).[1] The motion court determined that the post-conviction motion was not filed within the mandatory 90–day time limit set forth in Rule 29.15. We agree. The appeal is dismissed.

After a jury convicted Movant, he appealed the resultant judgment of the crimes described above. This court affirmed the judgment of convictions and sentences in *State v. Matchett,* 69 S.W.3d 493 (Mo.App.2001). We issued our mandate in that case on July 30, 2001. Movant filed his Rule 29.15 motion on October 30, 2001, which was 92 days after this court's mandate. Movant was required to have filed his motion no later than October 29, 2001, pursuant to Rule 29.15(b).[2]

---

1. All rule references are to Supreme Court Rules (2003), unless indicated otherwise. All statutory references are to RSMo (2000), unless stated differently.

2. The 90th day fell on October 28, 2001, which was a Sunday. Pursuant to Rule 44.01, Movant was required to file the motion by the next day, i.e., October 29, 2001.

Rule 29.15(b) reveals that "the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." The rule provides the exclusive procedure for post-conviction claims, and the failure to file the motion within the prescribed time allotment constitutes a complete waiver to proceed under the rule. Rule 29.15(a) and (b); *Brown v. State*, 53 S.W.3d 160, 160–61 (Mo.App.2001). An untimely motion is a fatal defect which cannot be cured by an otherwise timely amended motion. *Thomas v. State*, 31 S.W.3d 23, 25[5] (Mo.App.2000).

The appellate courts of this state have repeatedly held that the time limits of Rule 29.15 are valid and mandatory. *Brown*, 53 S.W.3d at 161; *Thomas*, 31 S.W.3d at 25[4]. An untimely motion deprives the motion court of jurisdiction, and the court must dismiss the motion even if not requested to do so by the state. *Brown*, 53 S.W.3d at 161; *State v. Myers*, 997 S.W.2d 26, 36 (Mo.App.1999).

In his brief, Movant recognizes these well-known principles of law. He argues, however, that this court should engraft an exception upon the plain language of the rule. Specifically, Movant claims that his motion should be considered as timely filed because "a third party caused the untimely default, and cause cannot be fairly attributed to [Movant][.]"[3] Movant alleges that prison officials failed to mail his motion until four days after he delivered it to them. Further, he claims the motion would have been timely filed but for the prison officials' dereliction of duty.

A post-conviction motion is considered filed when deposited with the circuit court clerk, not when it is mailed. *Shields v. State*, 87 S.W.3d 355, 357[4] (Mo.App. 2002); *Thomas*, 31 S.W.3d at 25. "Rule 29.15 contains no authority for extension of the time limits expressly stated." *Smith v. State*, 798 S.W.2d 152, 153–54 (Mo.banc 1990). The rule makes no allowances for extension of time for good cause shown or excusable neglect. *Morley*, 68 S.W.3d at 445; *State v. Vineyard*, 839 S.W.2d 686, 693 (Mo.App.1992). "[T]his court is duty-bound to follow prior holdings finding that time limits for post-conviction motions 'are both strict and mandatory.'" *Morley*, 68 S.W.3d at 445 (quoting *Daniels*, 31 S.W.3d at 123).

Regardless of the reasons for the untimeliness, the motion was filed more than 90 days after the mandate was issued, and the motion court had no jurisdiction. Consequently, this court is without jurisdiction to consider the appeal. *Brown*, 53 S.W.3d at 161. Therefore, we dismiss the appeal.

The appeal is dismissed.

PARRISH, J., concurs.

RAHMEYER, C.J.–P.J., concurs.

---

**3.** For support of this proposition, Movant cites *Ivy v. Caspari*, 173 F.3d 1136 (8th Cir. 1999), wherein the federal court reviewed untimely post-conviction claims on habeas review because the prisoner timely delivered his Rule 24.035 motion to prison officials who failed to mail it. The *Ivy* rationale has been rejected by Missouri courts. *See Morley v. State*, 68 S.W.3d 443, 445 (Mo.App.2001); *Daniels v. State*, 31 S.W.3d 121, 123 (Mo.App. 2000).