STATE of Missouri, Plaintiff–Respondent,

v.

Bradley Lawrence ORE, Defendant–Appellant.

No. 27204.

Missouri Court of Appeals, Southern District, Division Two.

May 30, 2006.

Amy M. Bartholow of Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.; Cecily L. Daller, Asst. Atty. Gen. of Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Chief Judge.

*APPEAL DISMISSED*

By amended information, Bradley Ore (Defendant) was charged with the class D felony of driving while intoxicated in viola-

tion of § 577.010.[1] The information also alleged that Defendant was a prior and persistent offender. *See* § 558.016. Prior to trial, Defendant failed to appear for a scheduled hearing on September 16, 2004. The court continued the hearing to October 7, 2004 and notified Defendant's bondsman. Defendant again failed to appear at the October 7th hearing. At that point, the judge ordered an alias *capias* warrant to be issued. The warrant was withdrawn after Defendant appeared at a bond forfeiture hearing on November 4, 2004.

Defendant's trial took place on June 13, 2005. At the commencement of the trial, the judge found beyond a reasonable doubt that Defendant was a prior and persistent offender because he had two prior felony convictions for driving while intoxicated. The jury found Defendant guilty of his third felony offense for driving while intoxicated.

After the jury returned its verdict, Defendant was released on bond. The sentencing hearing was scheduled for July 21, 2005. Defendant failed to appear for sentencing, and another alias *capias* warrant was issued. On August 10, 2005, Defendant's bondsman surrendered Defendant into the custody of the Taney County Sheriff's Office. On August 18, 2005, Defendant was sentenced to a seven-year term of imprisonment. Defendant's failure to appear at the July 21st hearing caused his sentencing to be delayed by approximately one month.

On appeal, Defendant contends the trial court committed plain error in admitting testimony from the arresting trooper that he "firmly believed" Defendant was driving while intoxicated and in allowing the prosecutor to argue that the jurors should rely on the trooper's testimony in determining Defendant's guilt. For the reasons set forth below, we do not reach the merits of Defendant's argument.

■■■ After Defendant's brief was filed, the State filed a motion to dismiss the appeal based upon the escape rule. Defendant filed no response to the motion. "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." *Crawley v. State*, 155 S.W.3d 836, 837 (Mo.App.2005). A defendant's willful failure to appear for sentencing constitutes an escape within the meaning of this rule. *Wagner v. State*, 172 S.W.3d 922, 924 (Mo.App.2005); *Crawley*, 155 S.W.3d at 837. "The escape rule is applicable to those errors occurring before and up to the escape." *Crawley*, 155 S.W.3d at 837. The alleged trial court errors about which Defendant complains on appeal occurred before he failed to appear for sentencing. Thus, if the escape rule applies, it would bar Defendant's appeal.

■■■ Missouri does not follow a *per se* dismissal rule in the event of a defendant's escape. *State v. Surritte*, 35 S.W.3d 873, 875 (Mo.App.2001). The decision whether to dismiss an appeal for this reason is left to the sound discretion of the appellate tribunal. *State v. Troupe*, 891 S.W.2d 808, 811 (Mo. banc 1995); *Crawley*, 155 S.W.3d at 837. "The relevant inquiry in determining whether to apply the escape rule is deciding whether the escape adversely affected the criminal justice system." *Smith v. State*, 174 S.W.3d 74, 75 (Mo.App.2005).

■■■ "There is no threshold amount of time an appellant must have escaped justice before dismissal is allowed." *Holmes v. State*, 92 S.W.3d 193, 196 (Mo.App.2002). In *Surritte*, the court applied the escape

---

1. All references to statutes are to RSMo Cum. Supp. (2005).

rule to dismiss the appeal of a defendant who was at large for four days and whose escape only delayed his sentencing by 14 days. *Surritte*, 35 S.W.3d at 874–75. The court recognized that "the length of the period of escape is not the only factor for consideration." *Id.* at 875. In addition to the defendant's escape prior to sentencing, he also had an outstanding warrant for his arrest for absconding from probation. *Id.*

In *Holmes*, the defendant stole money which had been received in evidence and fled the courthouse during a recess. *Holmes*, 92 S.W.3d at 195. After being convicted *in absentia*, he was apprehended and sentenced three weeks later. *Id.* In addressing the length of time the defendant had been absent, the appellate court noted that "[t]hree weeks … falls toward the lower end of the scale, but [is] still within an acceptable range." *Id.* at 196. That period of delay, coupled with the defendant's theft of evidence, justified the dismissal of his appeal. *Id.* at 197.

■■■■ Here, Defendant was scheduled to appear on July 21, 2005 to be sentenced for driving while intoxicated. He failed to do so. Since Defendant has offered no excuse or justification for failing to appear at the initial sentencing hearing, we presume his failure to do so was willful. Because Defendant did not appear, the court was required to issue a second *capias* warrant for Defendant's arrest, and his sentencing was delayed for one month. More importantly, Defendant posed a danger to society by remaining at large.[2]

It is axiomatic that the operation of a motor vehicle by a drunken individual poses a danger to the driving public. *See State v. Cross*, 34 S.W.3d 175, 182 (Mo. App.2000). The purpose of the statutory prohibition against driving while intoxicated is to protect the public from drunk drivers. *State v. Laplante*, 148 S.W.3d 347, 351 (Mo.App.2004). Defendant's three felony convictions for driving while intoxicated are ample proof that he is unwilling or unable to stop drinking and driving. Such behavior creates a substantial risk of death or serious physical injury to all other persons who might encounter Defendant on the highway, whether as a motorist, passenger in a motor vehicle, pedestrian or otherwise. Thus, Defendant's propensity to operate motor vehicles while intoxicated posed an immediate hazard to the public at large. Since his two prior felony convictions had no deterrent effect, incarceration would present a viable means to control Defendant's behavior. By failing to appear for sentencing as scheduled on July 21, 2005, however, Defendant willfully refused to submit himself to this possible punishment.

■■■■ We conclude that Defendant's willful failure to appear for sentencing constituted an escape which adversely affected the criminal justice system. Barring the appeal of an escaping defendant has been justified on a number of different grounds: (1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's long absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. *State v. Brown*, 974 S.W.2d 630, 632 (Mo.App.

---

2. This is a relevant consideration in deciding whether to apply the escape rule. *See, e.g., State v. Laws*, 121 S.W.3d 571, 573–74 (Mo.

App.2003); *State v. Janson*, 964 S.W.2d 552, 554 (Mo.App.1998).

1998). We find the fourth, fifth and seventh justifications are applicable here. Defendant's failure to appear for sentencing—which was the third time he had failed to appear for a scheduled hearing in the instant case—was "an affront to the dignity of the courts" and demonstrates that he is unwilling to subject himself to the authority of the legal system from which he is now seeking relief. *Wagner*, 172 S.W.3d at 925. If we do not bar Defendant's appeal, the absence of consequences for his actions may encourage other defendants to escape. Moreover, permitting Defendant to pursue an appeal after an escape would tend to diminish respect for the criminal justice system. All of these effects adversely affect the criminal justice system. "Those who seek protection from the legal system ... must be willing to abide by all the rules and decisions of that legal system." *Harvey v. State*, 150 S.W.3d 128, 130 (Mo.App.2004). Pursuant to the escape rule, Defendant's appeal is dismissed.

SHRUM, P.J., and GARRISON, J., Concurs.