**Roger L. STOTTLE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 27830.**

Missouri Court of Appeals,
Southern District,
Division One.

June 26, 2007.

NANCY STEFFEN RAHMEYER,
Presiding Judge.

Roger L. Stottle ("Movant") appeals a judgment denying his Rule 24.035 [1] motion for post-conviction relief for his convictions for second-degree murder, first-degree assault, and two counts of armed criminal action. We find that Movant's post-conviction motion was untimely filed. The motion court's judgment is vacated and this case is remanded for dismissal of Movant's Rule 24.035 motion.

█ Pursuant to Rule 24.035(b), if no appeal from the judgment is taken, the motion for post-conviction relief must be filed within 180 days from the date the person is delivered to the custody of the department of corrections. The failure to file the motion within the prescribed time allotment constitutes a waiver to proceed under the rule. *Matchett v. State*, 119 S.W.3d 558, 559 (Mo.App. S.D.2003). Courts do not have jurisdiction over an untimely motion, and the motion court is obligated to dismiss it even if not requested to do so by the State. *Id.; State v. Myers*, 997 S.W.2d 26, 36 (Mo.App. S.D. 1999). It is well established that the post-conviction time limits are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). These time limits serve the legitimate end of avoiding delay in the processing of prisoners' claims and prevent the litigation of stale claims. *Id.*

█ Movant pled guilty to second-degree murder, first-degree assault, and two counts of armed criminal action on May 19, 2004. He was sentenced on July 15, 2004. Movant was delivered to the custody of the Missouri Department of Corrections on July 16, 2004.[2] Movant did not directly

Thomas D. Carver, Springfield, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger Johnson, Jefferson City, for Respondent.

1. All rule references are to Missouri Court Rules (2007), unless otherwise specified.

2. In Movant's Rule 24.035 motion, he alleges that he "was delivered to the custody of the Department of Corrections on or about July

appeal that judgment; however, on January 14, 2005, Movant filed a motion to vacate or amend the judgment pursuant to Rule 24.035. Movant's motion was untimely in that the last date he could file his post-conviction motion was January 12, 2005. Rules 24.035(b) and 44.01(a). Accordingly, the motion court did not have jurisdiction to consider Movant's claims on the merits, and should have dismissed the motion. We vacate the motion court's judgment and remand for dismissal of Movant's Rule 24.035 motion.

PARRISH, J., SCOTT, J., concur.

16, 2004"; however, the Sheriff was ordered to deliver Movant to the Director of Department of Corrections on July 15, 2004, and the start date on the Sentence and Judgment was also July 15, 2004. Regardless of which delivery date is used, Movant's motion was untimely as it would have been due on either January 11 or 12, 2005, and was not actually filed until January 14, 2005.