Ramone LANDA, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 30218.

Missouri Court of Appeals,
Southern District,
Division One.

July 27, 2010.

**454**

Brocca Smith, Asst. Public Defender, St. Louis, for Appellant.

Chris Koster, Atty. Gen. and Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, P.J.

Ramone Landa ("Movant") appeals the motion court's denial without an evidentiary hearing of his "Amended Motion to Vacate, Set Aside or Correct the Judgment and Sentence . . ." filed pursuant to Rule 29.15.[1] Following this Court's dismissal of Movant's direct appeal based on the escape rule, the motion court also dismissed his postconviction action for the same reason. He now raises two points of motion court error relating to his lack of a knowing and voluntary waiver of a trial by jury and his assertion that his counsel was ineffective for advising him to waive his right to a trial by jury.

The record reveals Movant was charged by "Information" on May 10, 2006, with the class A felony of drug trafficking in the second degree, a violation of section 195.223, for possessing "[six] grams or more of a mixture or substance containing cocaine base, a controlled substance, knowing of its presence and illegal nature."[2] Movant filed a written "Waiver of Right to Trial by Jury" on March 19, 2007, and on April 19, 2007, the morning of trial, he was examined on the record in relation to that waiver of jury trial. Following a bench trial, the trial court convicted Movant of the crime charged. Movant then failed to appear at his sentencing. *See State v. Landa*, 288 S.W.3d 325 (Mo.App.2009). Approximately four months later he was apprehended in Illinois and returned to Missouri where he was then sentenced by the trial court to fifteen years in the Mis-

souri Department of Corrections. *Id.* Movant then appealed his conviction to this Court and that appeal was dismissed based on the escape rule because "[b]y absconding [prior to being sentenced], [he] forfeited his right to appeal." *Id.* at 326.

Prior to the decision in his direct appeal, Movant filed a *pro se* Rule 29.15 motion. Then, after his direct appeal was dismissed, Movant retained counsel and his amended Rule 29.15 motion was filed. In his motion, Movant raised the following two claims:

8(a). Movant's waiver of jury trial was not voluntary, knowingly and intelligently made because Movant did not understand the rights attendant [to] a jury trial. Had Movant known that a bench trial would provide him no benefit and would merely prejudice him, he would not have waived his right to a jury trial.

8(b). Trial [counsel] failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and as a result thereof, Movant was prejudiced. Specifically, trial counsel advised Movant to waive his right to a jury trial when there was no beneficial reason to do so under Movant's circumstances.

The motion court dismissed Movant's Rule 29.15 motion without an evidentiary hearing on October 26, 2009. Relying on the escape rule, the motion court made the following determinations in its "Findings of Fact and Conclusions of Law:"

[t]he escape rule has been applied to deny relief under a postconviction motion where the movant failed to appear for sentencing. The rule applies only to

---

1. All rule references are to Missouri Court Rules (2009).

2. All statutory references are to RSMo Cum. Supp.2001.

errors that occur before and up to the time of the escape; a defendant is entitled to challenge any errors occurring after he has been captured....

Missouri does not follow a *per se* dismissal rule. The relevant inquiry is whether the escape adversely affected the criminal justice system; the decision to dismiss a case for this reason is left to the sound discretion of the court. There is no threshold or bright line to determine what period of time needs to pass before applying the escape rule. Flights justifying dismissal have ranged from ten and one-half years to fifteen days. Movant willfully failed for some four months to appear for sentencing, and this constituted an escape. By failing to appear, he may have lost the opportunity to seek postconviction relief.

Movant's failure to appear for sentencing and the necessity for the authorities to travel from Kennett, Missouri, to Chicago, Illinois, and return him to court in Kennett adversely affected the criminal justice system. This court applies the escape rule, and it should enter judgment dismissing the case, rather than overruling it because it lacks merit.

(Internal citations omitted). Accordingly, the motion court dismissed Movant's Rule 29.15 motion and did not consider it on its merits. This appeal by Movant followed.

■ Appellate review of a motion court's ruling on a Rule 29.15 motion for postconviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law issued in support thereof are clearly erroneous. Rule 29.15(k); *see Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000). "The findings of the motion court are presumptively valid." *Fry v. State,* 244 S.W.3d 284, 285 (Mo.App.2008). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate

court is left with the definite impression that a mistake has been made." *State v. Taylor,* 944 S.W.2d 925, 938 (Mo. banc 1997).

■ Here, the motion court dismissed Movant's Rule 29.15 motion based on the escape rule and the fact that Movant absconded from the law prior to his sentencing. The escape rule is a judicially-created doctrine that "operates to deny the right of appeal to a defendant who escapes justice. A defendant who flees justice also loses the opportunity to seek postconviction relief." *State v. Troupe,* 891 S.W.2d 808, 809 (Mo. banc 1995) (internal citations omitted); *see Stevens v. State,* 306 S.W.3d 175, 176 (Mo.App.2010). The rationale behind the escape rule is that " '[t]hose who seek the protection of this legal system must ... be willing to abide by its rules and decisions' " and " 'may not selectively abide by the decisions of the courts....' " *Troupe,* 891 S.W.2d at 810 (quoting *State v. Wright,* 763 S.W.2d 167, 168–69 (Mo. App.1988)). The escape rule provides that those defendants who choose to abscond " 'show[ ] [their] reluctance to accept the decision of the trial court or to await the vindication of [their] rights by th[e] court ...' " such that they forfeit their right to both direct appeals and to postconviction relief. *Id.*

Here, Movant clearly absconded prior to his sentencing and was not captured for some four months. The escape rule was clearly applicable in the present matter and the motion court's determination to apply the escape rule was not error. With that being said, Movant does not challenge the motion court's dismissal of his Rule 29.15 motion based on the escape rule. Instead, he brings two points directed at the merits of his amended Rule 29.15 motion. Neither of Movant's points relied on was addressed by the motion court in its decision to "enter judgment dismissing the

case, rather than overruling it...." "Since our review is limited to the determination of whether the motion court was clearly erroneous in dismissing [Movant's] Rule 29.15 motion ...," this Court cannot review Movant's two points relied on as the issues in his points relied on were dismissed by the motion court. *Thomas v. State*, 31 S.W.3d 23, 25 (Mo.App.2000). As Movant does not challenge the dismissal, there is nothing for this Court to review. Based on the foregoing, we affirm the motion court's dismissal of Movant's Rule 29.15 motion for postconviction relief. *See id.*

The judgment of the motion court is affirmed.

LYNCH and BURRELL, JJ., CONCUR.