STATE of Missouri, Respondent,

v.

Samuel James CRAWFORD, Appellant.

No. SD 31079.

Missouri Court of Appeals,
Southern District,
Division Two.

April 23, 2012.

Erika R. Eliason, Columbia, for Appellant.

Chris Koster, Atty. Gen., and Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, for Respondent.

Before FRANCIS, P.J., BATES, J., and SCOTT, J.

PER CURIAM.

A repeated drink-and-drive offender challenges yet another such conviction. We apply the escape rule and dismiss the appeal.

### Background

Charged with felony DWI as an aggravated offender,[1] Appellant posted bond, but did not appear for his preliminary hearing. The court issued an arrest warrant, held one bond forfeiture hearing, and docketed another while Appellant remained at large. He was taken into custody after nearly three months, but later posted bond again and was released pending trial.

A jury found Appellant guilty. The court scheduled a hearing for post-trial motions and sentencing, specifically told Appellant to appear then and there, and

---

1. Appellant already had three prior Missouri DWI convictions.

allowed him to remain free on the same bond.

Appellant did not appear for sentencing. The court revoked bond and issued a capias warrant. Appellant did not self-surrender, but was apprehended some three weeks later and remained in custody until he was sentenced.[2]

### Escape Rule

The escape rule is an oft-used discretionary doctrine which denies the right of appeal to a criminal defendant who escapes justice.[3] Public policies underlying the rule include, but are not necessarily limited to:

(1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's long absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing the defendant from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts.

*Pradt v. State*, 219 S.W.3d 858, 862 (Mo. App.2007); *State v. Ore*, 192 S.W.3d 723, 726 (Mo.App.2006). *See also State v. Troupe*, 891 S.W.2d 808, 809–11 (Mo. banc 1995) (also rejecting federal courts' more limited view and application of rule).

We are fully justified in applying the escape rule here. Appellant knowingly violated the terms of his release, left the state without notice, did not return for sentencing, and did not self-surrender. Such disrespect for the court is made more offensive because it repeated Appellant's actions earlier in the case—again delaying hearings, forcing the court to issue a warrant, and requiring officers to return Appellant to custody. To ignore such actions could encourage others to act similarly and would undermine respect for our judicial system.

Appellant acknowledges that we have discretion to dismiss his appeal; it "is up to this Court" whether to apply the escape rule; and that the state's argument for dismissal "may have some merit." He asks us to overlook his failure to appear, even if we cannot condone it, but his arguments do not persuade. For example, Appellant claims he did not struggle with officers who arrested him, but we are hard pressed to reward him for behavior expected from any citizen.

Appellant's reliance on *Ore* is also misplaced; our words there fit this case almost as well:

It is axiomatic that the operation of a motor vehicle by a drunken individual poses a danger to the driving public. The purpose of the statutory prohibition against driving while intoxicated is to protect the public from drunk drivers. Defendant's three felony convictions for driving while intoxicated are ample proof that he is unwilling or unable to stop drinking and driving. Such behavior creates a substantial risk of death or serious physical injury to all other persons who might encounter Defendant on the highway, whether as a motorist, pas-

---

**2.** Appellant, through counsel, said at sentencing that he had gone to Texas.

**3.** Among recent illustrations, *see Theodoran v. State*, 319 S.W.3d 479 (Mo.App.2010); *Landa v. State*, 319 S.W.3d 453 (Mo.App.2010); *Stevens v. State*, 306 S.W.3d 175 (Mo.App.2010);

*Artis v. State*, 301 S.W.3d 576 (Mo.App.2009); *State v. Johnson*, 299 S.W.3d 330 (Mo.App. 2009); *State v. McCartney*, 297 S.W.3d 924 (Mo.App.2009); *State v. Landa*, 288 S.W.3d 325 (Mo.App.2009).

senger in a motor vehicle, pedestrian or otherwise. Thus, Defendant's propensity to operate motor vehicles while intoxicated posed an immediate hazard to the public at large. Since his two prior felony convictions had no deterrent effect, incarceration would present a viable means to control Defendant's behavior. By failing to appear for sentencing as scheduled ... Defendant willfully refused to submit himself to this possible punishment.

192 S.W.3d at 726 (citations omitted).

Those who seek our legal system's protections must abide by its rules. We exercise our discretion to apply the escape rule and dismiss this appeal.